**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ELIZABETH HACKETT,

      Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

      Defendant-Appellee.

No. 06-1066

---

ORDER
Filed January 17, 2007

---

Before **BARRETT**, **BRORBY**, and **EBEL**, Circuit Judges.

---

This matter is before the court on the Commissioner of Social Security's petition for panel rehearing. The panel grants the petition for rehearing, and, as requested by the Commissioner, the panel has modified the opinion previously filed on November 21, 2006. Specifically, the panel has modified footnote 1, and a copy of the amended opinion is attached to this order.

Entered for the Court
ELISABETH A. SHUMAKER, Clerk


By:

Deputy Clerk

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

ELIZABETH HACKETT,

      Plaintiff-Appellant,

v.

No. 06-1066

JO ANNE B. BARNHART,
Commissioner of Social Security,

      Defendant-Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. No. 03-CV-168-LTB)

---

Submitted on the briefs:[*]

Ann J. Atkinson, Aurora, Colorado, for Plaintiff-Appellant.

William J. Leone, United States Attorney, Kurt J. Bohn, Assistant United States Attorney, Michele M. Kelley, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, Region VIII, Denver, Colorado, for Defendant-Appellee.

---

Before **BARRETT**, **BRORBY**, and **EBEL**, Circuit Judges.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

**EBEL**, Circuit Judge.

Plaintiff Elizabeth Hackett is appealing the order entered by the district court denying her application for an award of reasonable attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Exercising jurisdiction under 28 U.S.C. § 1291, we reverse and remand for further proceedings.

**A. Introduction.**

In this social security case, plaintiff obtained a district court remand to the Commissioner of Social Security under the fourth sentence in 42 U.S.C. § 405(g), and she is therefore a prevailing party for purposes of EAJA. As such, plaintiff is entitled to recover reasonable attorney fees from the United States "unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A).

In the EAJA application that she submitted to the district court, plaintiff requested fees for: (1) her merits appeal to the district court; (2) her merits appeal to this court; and (3) the filing of her EAJA application in the district court. In her opening brief in this appeal, plaintiff has also requested that she be awarded fees for the time spent prosecuting this appeal. The total amount of fees being requested is $13,909.05, and the hourly rates are based on the fixed starting

hourly rate under EAJA of $125.00, plus a cost of living adjustment calculated pursuant to the Consumer Price Index. *See* 28 U.S.C. § 2412(d)(2)(A).

In the underlying administrative decision denying plaintiff's application for social security disability benefits, the Administrative Law Judge (ALJ) mischaracterized the hearing testimony of the vocational expert (VE) when he attempted to satisfy his step-five duties under *Haddock v. Apfel*, 196 F.3d 1084, 1087 (10th Cir. 1999). The ALJ's error under *Haddock* was the basis for this court's prior reversal and remand to the district court for a sentence-four remand to the Commissioner. *See Hackett v. Barnhart*, 395 F.3d 1168, 1174-76 (10th Cir. 2005). Because the ALJ's analysis at step five was not substantially justified, we conclude that plaintiff is entitled to recover all of the EAJA fees that she is seeking, subject to possible reductions by the district court on remand based on a reasonableness analysis.

## B. Waiver Issue.

In this appeal, plaintiff argues that the district court committed reversible error by failing to consider whether the ALJ's unreasonable ruling in the administrative proceedings could support an award of EAJA fees, standing alone, regardless of the reasonableness of the Commissioner's subsequent litigation position in the proceedings before the district court.

Plaintiff's argument raises a waiver issue, because, while plaintiff referred to the ALJ's error in her EAJA application, she did not explicitly argue for an award of EAJA fees based on the ALJ's error. Instead, plaintiff focused exclusively on the "legal theory" advanced by the Commissioner in the district court proceedings, arguing that the Commissioner's "position in this litigation was . . . not substantially justified." Aplt. App., Vol. 2 at 154. Although plaintiff subsequently raised the ALJ's error as a basis for an EAJA award in the reply brief that she submitted to the district court, the court did not address plaintiff's reply brief argument in its order denying her EAJA application.

The EAJA statute simply states that a plaintiff's application for fees "shall also *allege* that the position of the United States was not substantially justified." 28 U.S.C. § 2412(d)(1)(B) (emphasis added). The Supreme Court has held that: (1) this is merely a "pleading requirement"; and (2) a timely filed EAJA application may be amended to satisfy this pleading requirement. *See Scarborough v. Principi*, 541 U.S. 401, 414, 423 (2004). In *Scarborough*, the Court explained its reasoning as follows:

> Unlike the § 2412(d)(1)(B) prescriptions on what the applicant must *show* (his "prevailing party" status and "eligib[ility] to receive an award," and "the amount sought, including an itemized statement" reporting "the actual time expended and the rate at which fees and other expenses were computed"), the required "not substantially justified" allegation imposes no proof burden on the fee applicant. It is, as its text conveys, nothing more than an allegation or pleading requirement. The burden of establishing "that the position of the

-4-

United States was substantially justified," § 2412(d)(1)(A) indicates and courts uniformly have recognized, must be shouldered by the Government.

*Id.* at 414.

Although the Court in *Scarborough* used the term "pleading requirement," the Court made it clear that the purpose of the requirement is not to provide notice to the government of any substantive arguments or theories of recovery. As the Court stated, "the [not substantially justified allegation] does not serve an essential notice-giving function; the Government is aware, from the moment a fee application is filed, that to defeat the application on the merits, it will have to prove its position was substantially justified." *Id.* at 416-17. Instead, "EAJA's ten-word 'not substantially justified' allegation is a 'think twice' prescription that 'stem[s] the urge to litigate irresponsibly.'" *Id.* at 416 (quoting *Edelman v. Lynchburg Coll.*, 535 U.S. 106, 116 (2002)). As the Court explained:

> By allocating the burden of pleading "that the position of the United States was not substantially justified"--and that burden only--to the fee applicant, Congress apparently sought to dispel any assumption that the Government must pay fees each time it loses. Complementarily, the no-substantial-justification-allegation requirement serves to ward off irresponsible litigation, *i.e.*, unreasonable or capricious fee-shifting demands. As counsel for the Government stated at oral argument, allocating the pleading burden to fee applicants obliges them "to examine the Government's position and make a determination . . . whether it is substantially justified or not."

*Id.* at 415 (citation omitted).

In sum, according to *Scarborough*, § 2412(d)(1)(B) requires only that an EAJA application contain a bare ten-word "allegation" stating that the government's position was not substantially justified, and the statute does not require a plaintiff to set forth any substantive arguments to support the allegation. In addition, as discussed below, once an EAJA application is filed, the government is on notice, based on the plain language of the statute, that it must justify both its position in any underlying administrative proceedings and its position in any subsequent district court litigation. *See* § 2412(d)(2)(D) (providing that phrase "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based"). Accordingly, we conclude that plaintiff's application satisfied the pleading requirement imposed by § 2412(d)(1)(B), and that she did not waive the particular argument she now raises when she failed to identify it with specificity in her application.

**C. Underlying Proceedings.**

In his decision denying plaintiff's application for disability benefits, the ALJ made the following step-five findings with regard to the hearing testimony of the VE:

> The Administrative Law Judge called upon the vocational expert to name jobs a hypothetical person with the claimant's residual functional capacity and vocational factors described above could perform. The vocational expert testified that such a person

would be able to perform work as a call-out operator (DOT 237.367-014; 840 jobs in Colorado and 46,150 nationally) and a surveillance system monitor (DOT 379.367-010; 175 jobs in Colorado and 10,000 nationally).

The vocational expert acknowledged these opinions do not directly correspond with information provided in the <u>Dictionary of Occupational Titles</u> (DOT) and adjustments to the numbers of jobs were made on the following basis. At the hearing, the vocational expert testified that to the extent opinions do not correspond to the DOT, reliance was being placed on education, experience and observations of the jobs as actually performed in the economy. . . . No contrary evidence was presented. The opinions are therefore accepted as an accurate description of the occupations listed above.

Aplt. App., Vol. 3 at 34.

Plaintiff challenged the ALJ's step-five rulings in her subsequent appeal to the district court, arguing that "[t]he ALJ's determination that Mrs. Hackett could perform the jobs of surveillance system monitor and call out operator is unsupported by any substantial evidence, and is contrary to the *Dictionary of Occupational Titles*." *Id.*, Vol. 1 at 35. In addition, plaintiff explained to the district court that the ALJ had mischaracterized the hearing testimony of the VE:

At page 34 of the Administrative Record, the ALJ states that the vocational expert testified that his opinion did not correspond directly with the information in the *Dictionary of Occupational Titles* but that he relied on his education, experience, and observation of the jobs as actually performed in the national economy. In fact, the vocational expert was never asked any questions on this point and did not make these statements in his testimony.

*Id.*

Relying on arguments that the Commissioner set forth in the brief she submitted to the district court, *id.* at 87-89, the district court rejected plaintiff's challenge, as it concluded, contrary to the finding of the ALJ, that there was no conflict between the VE's hearing testimony and the DOT:

> Plaintiff argues that the ALJ's determination that Plaintiff could perform the jobs identified by [the VE] was in error because there are discrepancies between [the VE's] characterization of these jobs and the descriptions set forth in the *Dictionary of Occupational Titles* ("DOT"). Plaintiff further argues that the ALJ had a duty to inquire as to the reasons for these discrepancies before accepting [the VE's] opinions.

> An ALJ does have a duty to investigate and obtain a reasonable explanation for any conflict between the DOT and expert testimony before the ALJ may rely on the expert testimony as substantial evidence. *Haddock v. [Apfel]*, 196 F.3d 1084 (10th Cir. 1999). Here, however, no such conflict exists. Although the ALJ stated in his decision that [the VE] had acknowledged that his opinion regarding the jobs Plaintiff could perform do not directly correspond with the DOT, the record is devoid of any such testimony by [the VE]. . . . The record is equally devoid of testimony from [the VE] to support the ALJ's determination that these discrepancies could be explained by his education, experience, and observation of the jobs as performed in the national economy. . . . These statements by the VE may therefore be in error. This error is, however, harmless upon analysis of the applicable DOT provisions.

*Id.* at 127-28.

Plaintiff's next step was to file an appeal in this court. In that appeal, plaintiff succeeded in convincing another panel of this court to reverse the district court in part, as the panel agreed with plaintiff that "the ALJ misstated the testimony of the VE and failed to reconcile the VE's actual testimony with the

-8-

Dictionary of Occupational Titles (DOT), contrary to this court's decision in

*Haddock . . .* and Social Security Ruling 00-4p." *Hackett*, 395 F.3d at 1174-75.

The panel explained its holding as follows:

> In his decision the ALJ said that the VE had admitted at the
> hearing that his opinions about the jobs Plaintiff could do did not
> directly correspond with information in the DOT. The ALJ then
> asserted that the VE explained this discrepancy by relying on his own
> "education, experience and observations of the jobs as actually
> performed in the economy." Aplt. App., Vol. II at 34. As Plaintiff
> and the district court have pointed out, however, there is no
> indication in the record that the VE expressly acknowledged a
> conflict with the DOT or that he offered any explanation for the
> conflict. The district court nevertheless ruled that the ALJ's
> assertion about the VE's explanation was unnecessary because there
> was no conflict between the VE's testimony and the DOT. We agree
> with respect to the "people" function of the designated jobs, but
> disagree with respect to the required reasoning level.
>
> . . . .
>
> We therefore must reverse [that] portion of the ALJ's decision
> and remand to allow the ALJ to address the apparent conflict
> between Plaintiff's inability to perform more than simple and
> repetitive tasks and the level-three reasoning required by the jobs
> identified as appropriate for her by the VE.

*Id.* at 1175, 1176.

Following our remand to the district court and the latter's remand to the

Commissioner, plaintiff filed her EAJA application in the district court. As noted

above, while plaintiff referred to the ALJ's error in her EAJA application, she did

not explicitly argue for an award of EAJA fees based on the ALJ's error. Instead,

plaintiff focused exclusively on the "legal theory" advanced by the Commissioner

in the district court proceedings. Aplt. App., Vol. 2 at 154. The district court

denied plaintiff's EAJA application, concluding that "the legal argument

advanced by the Commissioner, and the underlying rationale and reasoning,

although admittedly complex, is not without basis in the law." *Id.* at 206.

**D. Controlling Standards Under EAJA.**

Under EAJA, a fee award is required if: (1) plaintiff is a "prevailing party"; (2) the position of the United States was not "substantially justified"; and (3) there are no special circumstances that make an award of fees unjust. 28 U.S.C. § 2412(d)(1)(A). The only dispute in this appeal is whether the Commissioner's position was substantially justified.

As the Supreme Court recently reiterated in *Scarborough*, 541 U.S. at 414, the Commissioner had the burden of proof to show that her position was substantially justified. *See Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995). "The test for substantial justification in this circuit is one of reasonableness in law and fact." *Id.* Thus, the government's position must be "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The government's "position can be justified even though it is not correct." *Id.* at 566 n.2.

We review the district court's determination that the Commissioner's position was substantially justified for an abuse of discretion. *See Gilbert*, 45 F.3d at 1394. "An abuse of discretion occurs when the district court bases its ruling on an erroneous conclusion of law or relies on clearly erroneous fact findings." *Kiowa Indian Tribe of Okla. v. Hoover*, 150 F.3d 1163, 1165 (10th Cir. 1998).

**E. EAJA's Definition of "Position of the United States."**

As defined by EAJA, "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D). The statute further provides that "[w]hether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." *Id.* § 2412(d)(1)(B).

This dichotomy between the position of the United States in the underlying agency action, which means the position of the ALJ in social security proceedings, *see Cunningham v. Barnhart*, 440 F.3d 862, 863-64 (7th Cir. 2006), and the position of the government in a subsequent civil action/appeal before a district court, is difficult to apply in this case. To begin with, as set forth above, the ALJ in this case made an unreasonable legal/factual ruling at step five, and the ALJ's error at step five was the basis for this court's reversal and remand to the district court for a sentence-four remand to the Commissioner. *See Hackett*, 395 F.3d at 1174-76. However, in plaintiff's merits appeal to the district court, the Commissioner articulated new legal arguments in defense of the ALJ's step-five reasoning which, while ultimately unsuccessful, were quite reasonable,

-13-

and the district court subsequently relied on the latter arguments to deny plaintiff's EAJA application. *See* Aplt. App., Vol. 2 at 205-06.

In *Commissioner, INS v. Jean*, 496 U.S. 154 (1990), the Supreme Court addressed the question of whether EAJA fees can be awarded to a prevailing plaintiff for time spent in the fee litigation itself (i.e., the proceedings that arise after the government opposes an EAJA application), regardless of whether the government's positions in the fee litigation were substantially justified. *Id.* at 156, 157. After analyzing the controlling statutory language, the Court concluded that a second "substantial justification" finding is not required before EAJA fees may be awarded to a prevailing plaintiff for time spent in the fee litigation process. *Id.* at 162. In reaching this holding, the Supreme Court emphasized that there can only be a "single finding" on the question of substantial justification in any given case that involves both underlying agency proceedings and a district court appeal. As the Court explained:

> The fact that the "position" is again denominated in the singular, although it may encompass both the agency's prelitigation conduct and the Department of Justice's subsequent litigation positions, buttresses the conclusion that only one threshold determination for the entire civil action is to be made.

*Id.* at 159.

As argued by the Commissioner in this case, *see* Aplee. Supp. Br. at 2-3, 5-6, this language suggests that the government may "cure" unreasonable agency

conduct by taking a reasonable position in any subsequent civil litigation before a district court.[1]  Moreover, there is other language in *Jean* that arguably supports this interpretation.  *See Jean*, 496 U.S. at 160, 161 (stating that "[t]he single finding that the Government's position lacks substantial justification, like the determination that a claimant is a 'prevailing party,' thus operates as a one-time threshold for fee eligibility," and that "[a]ny given civil action can have numerous phases.  While the parties' postures on individual matters may be more or less justified, the EAJA–like other fee-shifting statutes–favors treating a case as an inclusive whole, rather than as atomized line-items.").

As the Seventh Circuit has recognized, however, the "one threshold determination" language can also be relied on to support the argument that EAJA

_____

[1]    The Commissioner is also relying on *Jean* to argue that her "position" in the underlying proceedings was substantially justified "under the totality of the circumstances," because she prevailed on five of the six issues that plaintiff raised in the district court.  *See* Aplee. Supp. Br. at 8.  We disagree.  Although the Commissioner is correct that *Jean* requires this court to treat this case "as an inclusive whole, rather than as atomized line-items," *Jean*, 496 U.S. at 162, and that an issue-by-issue approach is therefore not appropriate, the fact that the Commissioner prevailed on five of the six issues that plaintiff raised in the district court does not alter our analysis in this case because: (1) plaintiff obtained a sentence-four remand based solely on the *Haddock* issue; and (2) the other issues on which the Commissioner prevailed were completely unrelated to the *Haddock* issue, and they did not provide a basis for affirming the ALJ's denial of benefits.  In other words, the fact that the Commissioner prevailed in the district court on most issues did not alter the fact that she acted unreasonably in denying benefits at the administrative level.

"fees may be awarded in cases where the government's prelitigation conduct was not substantially justified even though its litigating position may have been substantially justified and vice versa." *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994) (citing *Jean*, 496 U.S. at 159). "In other words, the fact that the government's litigating position was substantially justified does not necessarily offset prelitigation conduct that was without a reasonable basis." *Id.*

In fact, as the Ninth Circuit has pointed out, "*Jean* quoted legislative history of EAJA suggesting that a subsequent litigation position cannot 'cure' an underlying agency action that is not substantially justified." *Thangaraja v. Gonzales*, 428 F.3d 870, 875-76 n.1 (9th Cir. 2005); *see Jean*, 496 U.S. at 159 n.7 ("[T]he [1985] amendment [to EAJA defining the phrase 'position of the United States'] will make clear that the Congressional intent is to provide for attorney fees when an unjustifiable agency action forces litigation, and the agency then tries to avoid such liability by reasonable behavior during the litigation.") (quoting H.R. Rep. No. 98-992, pp. 9, 13 (1984)). Indeed, both the Second and the Third Circuits reached this conclusion even before *Jean*. *See Smith ex. rel Smith v. Bowen*, 867 F.2d 731, 734 (2d Cir. 1989); *Taylor v. Heckler*, 835 F.2d 1037, 1040 (3d Cir. 1988); *see also Morgan v. Perry*, 142 F.3d 670, 684 (3d Cir. 1998) (stating that "unless the government's pre-litigation and litigation positions

have a reasonable basis in both law and fact, the government's position is not substantially justified").

Having carefully analyzed this important issue, we believe the Commissioner has misread *Jean*, and we hold that EAJA "fees generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position." *United States v. Marolf*, 277 F.3d 1156, 1159 (9th Cir. 2002). This is only the general rule, however, and, for purposes of this case, we do not need to state categorically that a reasonable litigation position by the government can never "cure" unreasonable agency action. Instead, we limit our holding to the specific circumstances of this case.

## F. *Chenery*.

In *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947), the Supreme Court "emphasized a simple but fundamental rule of administrative law."

> That rule is to the effect that a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis. To do so would propel the court into the domain which Congress has set aside exclusively for the administrative agency.

*Id.*

This Court has characterized *Chenery* as establishing a general rule that "we may not properly affirm an administrative action on grounds different from those considered by the agency." *Ecology Ctr., Inc. v. United States Forest Serv.*, 451 F.3d 1183, 1195 (10th Cir. 2006) (quotation omitted); *see also Mickeviciute v. INS*, 327 F.3d 1159, 1165 (10th Cir. 2003) (citing *Chenery* for proposition that "we intrude on the agency's authority . . . by supporting a result reached by the agency with reasoning not explicitly relied on by the agency"). This court has also recognized, however, that

> it nevertheless may be appropriate to supply a missing dispositive finding under the rubric of harmless error in the right exceptional circumstance, i.e., where, based on material the ALJ did at least consider (just not properly), we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way.

*Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004).

Here, we are not dealing with a "factual matter" that could not have been resolved in any other way, and this is not a situation where the Commissioner simply "suppl[ied] a missing dispositive finding." *Id.* Instead, in the merits proceedings before the district court, the Commissioner came up with entirely new legal theories in an attempt to reconcile the VE's hearing testimony with the pertinent job descriptions in the Dictionary of Occupational Titles, *see* Aplt. App., Vol. 1 at 87-89, and the Commissioner's theories were based on "reasoning not explicitly relied on by the [ALJ]," *Mickeviciute*, 327 F.3d at 1165. Thus, we

-18-

conclude that the Commissioner was acting in violation of *Chenery*, and that it would therefore be improper to rely on the Commissioner's litigation position to deny plaintiff's EAJA application.

We also conclude that the ALJ's attempt to satisfy his step-five duties under *Haddock* was not substantially justified. As set forth above, in his decision, the ALJ mischaracterized the hearing testimony of the VE. Specifically, as plaintiff has pointed out:

> the ALJ state[d] that the vocational expert testified that his opinion did not correspond directly with the information in the *Dictionary of Occupational Titles* but that he relied on his education, experience, and observation of the jobs as actually performed in the national economy. In fact, the vocational expert was never asked any questions on this point and did not make these statements in his testimony.

Aplt. App., Vol. 1 at 35. This error does not meet the reasonableness test for substantial justification. *See Gilbert*, 45 F.3d at 1394. It would therefore be an abuse of discretion for the district court to deny plaintiff's EAJA application, and a remand on the substantial justification issue is not necessary.

**G. Remand for Reasonableness Determination.**

The Commissioner has not challenged plaintiff's computation of her claimed attorney fees. As a result, we could simply remand this matter to the district court for an award of all the EAJA fees that plaintiff has requested. *See Golembiewski v. Barnhart*, 382 F.3d 721, 723 (7th Cir. 2004). But given the fact

that plaintiff's fee award will come out of the public fisc, we believe the better course is to remand this matter to the district court with instructions for the court to consider and determine the reasonableness of the requested fees and the upward cost of living adjustment.

The order entered by the district court denying plaintiff's application for an award of reasonable attorney fees under EAJA is REVERSED, and this matter is REMANDED to the district court for further proceedings consistent with this opinion. Specifically, on remand, the district court shall consider and determine the reasonableness of the attorney fees and cost of living adjustment that plaintiff is seeking, and the court shall then enter an appropriate order granting plaintiff's EAJA application.