**Michael C. WAIT, Plaintiff,**

**v.**

**Michael J. ASTRUE, Commissioner of Social Security, Defendant.**

**No. 06–4024.**

United States District Court, D. Kansas.

July 5, 2007.

Scott L. Johnson, Tilton & Tilton, Chtd., Topeka, KS, for Plaintiff.

D. Brad Bailey, Office of United States Attorney, Topeka, KS, for Defendant.

## *ORDER*

ROGERS, District Judge.

This case is now before the court upon plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).

*Legal standards*

The EAJA authorizes this court to award fees and other expenses to plaintiff, as the prevailing party, as long as the government's position in this case was not substantially justified and special circumstances do not make an award unjust. § 2412(d)(1)(A). In this case, the government argues that its position was substantially justified and that the amount of fees requested in plaintiff's motion is excessive.

■ The government has the burden of showing that its position was substantially justified. *Hackett v. Barnhart,* 475 F.3d 1166, 1172 (10th Cir.2007). The government's position must be " 'justified to a degree that could satisfy a reasonable person.' " *Id.,* quoting *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). "The government's 'position can be justified even though it is not correct.' " *Id.,* quoting *Pierce,* 487 U.S. at 566 n. 2, 108 S.Ct. 2541. The fact that the government may have prevailed upon most of the issues raised by plaintiff does not mean that the government's position was "substantially justified" if the government's position was unreasonable as to the issue which required a remand of the decision to deny benefits. See *Hackett,* 475 F.3d at 1173 n. 1. Reasonableness is considered in relation to the government's position on the facts, the government's position on the law, and whether the facts alleged reasonably support the legal theory advanced. *Gatson v. Bowen,* 854 F.2d 379, 380 (10th Cir.1988).

*Prior order affirming in part and remanding in part*

This case involved an application for disability insurance benefits and supplemental security income (SSI) benefits. The court affirmed the decision to deny disability benefits because substantial evidence supported the conclusion that plaintiff was not disabled from substantial gainful employment up to the date when plaintiff was last insured for disability benefits, December 31, 1998. The court remanded the case for further development of the record with regard to whether plaintiff's incontinence, as well as the treatment for plaintiff's edema, rendered plaintiff disabled from substantial gainful employment as of the date that plaintiff had filed an application for SSI benefits. Plaintiff had filed an application for SSI benefits in April 2002.

There was evidence that medication for plaintiff's edema may have made plaintiff incontinent or that plaintiff suffered from incontinence for some other reason and that plaintiff needed to elevate his legs to control his edema. The court remanded the case for the development of the record on these matters, although the court noted that it was a "close call" as to whether the ALJ had failed his responsibility to develop the record regarding plaintiff's alleged incontinence. The court further noted that, contrary to a statement made in the ALJ's decision, the plaintiff's admitted activities of daily living did not support the denial of SSI benefits.

*Edema*

Plaintiff argued that the ALJ's decision to deny benefits should be overturned as to the applications for disability and SSI benefits because the ALJ erred by failing to find that plaintiff's edema was a severe impairment. In making this argument plaintiff referred to instances in the record where plaintiff had complained to doctors regarding lower extremity edema. These instances occurred after plaintiff's insured status for disability benefits had expired. The government responded by engaging in its own review of the record and contending that the evidence indicated that plaintiff's edema could be controlled with medication and the elevation of his legs.

■ The government's position regarding edema was substantially supported by the law. See *Dixon v. Heckler,* 811 F.2d 506, 508 (10th Cir.1987) (finding a condition that can be controlled with medication cannot serve as the basis for finding of a disability). It was also supported by the facts. The ALJ considered the evidence of edema and its disabling impact. His conclusion that plaintiff's edema could be controlled with compliance with prescribed medication and treatment had substantial support in the record. The court did not

remand the case on the basis of the plaintiff's primary contention regarding edema. Rather, the court remanded the case, in part, because the ALJ did not consider plaintiff's documented need to elevate his feet in considering his residual functional capacity. This argument is different than the contention that the ALJ erred by failing to assess plaintiff's edema as a severe impairment. Nevertheless, the argument was contained in the plaintiff's briefs regarding the edema issue, and the court found it provided part of the justification for remand.

*Failure to develop the record*

■ Plaintiff briefly argued that the ALJ failed to properly account for plaintiff's complaints of urinary and bowel incontinence. The ALJ had noted in his decision that "extreme complaints" regarding frequent "accidents" had not been made to plaintiff's physicians, according to the ALJ's review of the medical treatment notes. (Tr. 45). The government asserted in support of the ALJ that the evidence of incontinence was insufficient to trigger the duty to develop the record further on that point because the evidence did not indicate the existence of a severe impairment. As the Tenth Circuit has observed, this is sometimes a difficult call to make:

> As is usual in the law, the extreme cases are easy to decide; the cases that fit clearly within the framework of the regulations give us little pause. The difficult cases are those where there is *some* evidence in the record or *some* allegations by a claimant of a possibly disabling condition, but that evidence, by itself, is less than compelling. How much evidence must a claimant adduce in order to raise an issue requiring further investigation? Our review of the cases and the regulations leads us to conclude that the starting place must be the presence of some objective evidence in the record suggesting the existence of

a condition which could have a material impact on the disability decision requiring further investigation.... Isolated and unsupported comments by the claimant are insufficient, by themselves, to raise the suspicion of the existence of a non-exertional impairment.

> Ordinarily, the claimant must in some fashion raise the issue sought to be developed ... which on its face must be substantial ... Specifically, the claimant has the burden to make sure there is, in the record, evidence sufficient to suggest a reasonable possibility that a severe impairment exists. When the claimant has satisfied his or her burden in that regard, it then, and only then, becomes the responsibility of the ALJ to order a consultative examination if such an examination is necessary or helpful to resolve the issue of impairment.

*Hawkins v. Chater,* 113 F.3d 1162, 1167 (10th Cir.1997) (case citations omitted).

The court found one treatment note in the record where plaintiff complained of diarrhea. The court also found support for plaintiff's claim of incontinence in a report by plaintiff's representative and plaintiff's report of daily activities. The court determined that this was a close call, but decided that there was sufficient evidence in the record to require the ALJ to more fully develop the record on the issue of incontinence.

■ After carefully considering the record and the briefs of the parties, we hold that the government's position was reasonable, though incorrect, upon the facts and the law on the question of developing the record both as to the issue of incontinence and the need to elevate plaintiff's legs to control edema.

*Activities of daily living*

■ Finally, plaintiff made numerous arguments attacking the ALJ's credibility

analysis. The court rejected the bulk of these arguments. However, we did find that, contrary to the ALJ's statement, plaintiff's activities of daily living did not support the denial of his claim for SSI benefits in 2002. This was a small part of the credibility analysis and does not establish that the government's position on this issue was unreasonable on the law or the facts.

*Conclusion*

Upon review, we find that there was a reasonable basis in the law and on the facts for the positions taken by the government in this case. We find that the government was substantially justified in its defense of this matter. Therefore, the court shall deny plaintiff's motion for attorney's fees.

**IT IS SO ORDERED.**