**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 25, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

OLEG ALEXANDROVICH
STARYKH,

        Plaintiff - Appellee,

v.

ERIC H. HOLDER, JR.,[*] Attorney
General; JANET NAPOLITANO,[**]
Secretary of Department of Homeland
Security; ALFONSO AGUILAR,
Chief of Office of Citizenship;
ROBERT S. MUELLER, III, Director
of Federal Bureau of Investigation,

        Defendants - Appellants.

No. 07-4258

(D. Utah)

(D.C. No. 2:07-CV-00058-BSJ)

---

**ORDER AND JUDGMENT**[***]

---

Before **HENRY,** Chief Judge, **TACHA**, and **MURPHY**, Circuit Judges.

---

[*]Pursuant to Fed. R. App. P. 43(c)(2), Eric H. Holder, Jr. is substituted for Michael B. Mukasey as United States Attorney General, effective February 3, 2009.

[**]Pursuant to Fed. R. App. P. 43(c)(2), Janet Napolitano is substituted for Michael Chertoff as Secretary of Department of Homeland Security, effective January 21, 2009.

[***]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**I. Introduction**

Oleg Alexandrovich Starykh, the appellee in this matter, filed a petition pursuant to 8 U.S.C. § 1447(b) after United States Citizenship and Immigration Services (USCIS) failed to adjudicate his application for naturalization within 120 days. The district court resolved the matter by remanding to USCIS "with instructions to administer the oath of citizenship to [Starykh] on or before July 18, 2007." Thereafter, Starykh filed a motion seeking an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"). The district court concluded Starykh was the prevailing party in the § 1447(b) matter. It further concluded neither the underlying agency action nor Defendants' litigation position was substantially justified. Accordingly, the court granted Starykh's motion and awarded him $7629 in attorneys' fees. Defendants appeal, challenging both of the district court's conclusions relating to the award of attorneys' fees. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, this court **affirms** the judgment of the district court.

**II. Background**

Starykh filed a naturalization application with USCIS on October 18, 2005. On November 14, 2005, USCIS filed a request for a name check with the FBI. Starykh was interviewed and examined by USCIS on February 1, 2006, and told he met the statutory requirements for naturalization but his application could not be adjudicated until the FBI completed the name check. One year after his

examination, Starykh's application had not been adjudicated to finality, prompting him to file a petition in federal court seeking a judgment that he was entitled to naturalization or, in the alternative, a remand to USCIS with instructions to adjudicate his application within fifteen days.  *See* 8 U.S.C. § 1447(b) (providing an applicant with a judicial remedy if USCIS fails to adjudicate a naturalization application within 120 days of the examination).

In lieu of an answer to Starykh's petition, Defendants filed a motion seeking an unrestricted remand of the matter to USCIS "for the purpose of adjudicating [Starykh's] naturalization application and scheduling a naturalization proceeding when the application is approved."  In the alternative, Defendants asked the court to stay the matter pending completion of the FBI name check. The district court denied Defendants' motion and ordered them to file an answer to Starykh's petition detailing the specific facts relating to the processing of his application.  Defendants filed their answer on June 11, 2007, and, therein, informed the court the FBI completed Starykh's name check on June 6, 2007. Starykh responded by filing a motion seeking a remand of the matter to USCIS with instructions to administer the oath of citizenship to him within fifteen days. The district court granted Starykh's motion and entered an order specifically instructing USCIS "to administer the oath of citizenship to [Starykh] on or before July 18, 2007."

After the naturalization ceremony, Starykh filed a motion seeking attorneys' fees pursuant to the EAJA. 28 U.S.C. § 2412. The district court granted the motion over Defendants' objection, concluding Starykh was the prevailing party in the § 1447(b) proceeding and further concluding neither the underlying agency action nor Defendants' litigation position was substantially justified. It is from this ruling Defendants appeal.

## III. Discussion

The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action." 28 U.S.C. § 2412(d)(1)(A). This court reviews de novo the question of prevailing party status. *Al-Maleki v. Holder*, No. 07-4260, 2009 WL 692612, at *2 (10th Cir. March 18, 2009). A prevailing party is not entitled to attorneys' fees if the position of the United States was substantially justified. *Id*. The government bears the burden of demonstrating its position was substantially justified and we review the district court's ruling on the issue for an abuse of discretion. *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007).

Defendants challenge the district court's conclusion that Starykh was the prevailing party and its additional conclusion that the position of the United States was not substantially justified. Having reviewed the entire record and considered the arguments of the parties on appeal, we conclude the prevailing party question presented in this appeal is controlled by our analysis of the same

-4-

issue in *Al-Maleki v. Holder*. Further, the record in this case relevant to the question of whether the position of the United States was substantially justified does not differ in any material way from the record on the same issue in *Al-Maleki*. Accordingly, the district court's determination that Starykh was the prevailing party in the § 1447(b) matter and its conclusion that the position of the United States was not substantially justified are **affirmed**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge