FILED
United States Court of Appeals
Tenth Circuit

April 13, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JERRY L. HARROLD,

        Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

        Defendant-Appellee

No. 09-5116
(D.C. No. 4:06-CV-00589-FHM)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BALDOCK**, and **HOLMES**, Circuit Judges.

Plaintiff-appellant Jerry L. Harrold appeals the district court's denial of his

motion for attorney fees under 28 U.S.C. § 2412(d) (the Equal Access to Justice

Act or EAJA). Because the district court did not abuse its discretion in refusing

to award fees, we affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In the underlying case, Mr. Harrold appealed the district court's affirmance of the Commissioner's denial of his application for social security disability insurance benefits. This court reversed. *Harrold v. Astrue*, 299 F. App'x 783, 789 (10th Cir. 2008). In so doing, we instructed the district court to remand to the Commissioner for a step-three determination of whether a clinical psychologist's "mild-retardation opinion, the supporting IQ scores, and Mr. Harrold's additional severe impairments at step two satisfy the capsule definition and the severity prong of Listing 12.05C." *Id.* at 788.

Because Mr. Harrold obtained a district-court remand to the Commissioner under sentence four of 42 U.S.C. § 405(g), he is a prevailing party for EAJA purposes. *Hackett v. Barnhart*, 475 F.3d 1166, 1168 (10th Cir. 2007) (*Hackett II*). He is therefore "entitled to recover reasonable attorney fees from the United States unless the court finds that the position of the United States was substantially justified[,]" *id.* (internal quotation marks omitted), or there are "special circumstances that make an award of fees unjust[,]" *id.* at 1172. Because the Commissioner does not make the latter argument, "[t]he only dispute in this appeal is whether the Commissioner's position was substantially justified." *Id.*

In denying the fee motion, the magistrate judge concluded that the Commissioner's position both at the agency level and at the litigation level was substantially justified. We agree.

The Commissioner has the burden of demonstrating that his position was substantially justified, a test that, in this circuit, means his position was reasonable in law and in fact and thus can be "justified to a degree that could satisfy a reasonable person." *Id.* (internal quotation marks omitted). Even though the Commissioner's position turns out to be incorrect, it can still be justified. *Id.* Both the Commissioner's prelitigation and litigation positions must have had reasonable bases in fact and law to be considered substantially justified. *Gutierrez v. Sullivan*, 953 F.2d 579, 585 (10th Cir. 1992).

"We review the district court's determination of whether the government's position was substantially justified for abuse of discretion." *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995). "An abuse of discretion occurs when the district court bases its ruling on an erroneous conclusion of law or relies on clearly erroneous fact findings." *Hackett II*, 475 F.3d at 1172 (internal quotation marks omitted).

After the hearing before the ALJ, Mr. Harrold's attorney arranged for him to be tested by Dr. William Bryant, a clinical psychologist. Dr. Bryant's report was submitted to the Appeals Council which made it part of the record on appeal. In the report, Dr. Bryant stated that Mr. Harrold has a Full Scale IQ of 61. Based on that score and other tests he administered to Mr. Harrold, Dr. Bryant concluded that Mr. Harrold has mild mental retardation and that he essentially cannot read.

The Appeals Council did not find Dr. Bryant's report sufficient to change the administrative law judge's denial-of-benefits decision. The Council stated:

> The [doctor who performed the consultative physical examination] noted that you reported a learning disability and is silent for any reports of mental retardation. None of your treatment sources noted observations consistent with a diagnosis of mental retardation. Your work history is inconsistent with developmental deficiencies. Your report to Dr. Bryant that implied that your past work was of a routine nature learned in a supportive environment is not consistent with your description of your past work in the documentary record. You reported using power and hand tools, repairing a variety of appliances including heaters, air conditioners, stoves etc., and doing remodeling including dry wall work.

*Harrold*, 299 F. App'x at 786 (record cites omitted).

On appeal, this court held that the Appeals Council's rejection of Dr. Bryant's report was not supported by substantial evidence. *Id.* at 787. We paid particular attention to the Appeals Council's conclusion that "Mr. Harrold's 'work history is inconsistent with developmental deficiencies.'" *Id.* at 788. We began by noting that the Appeals Council relied on much the same type of evidence we relied on in *Lax v. Astrue*, 489 F.3d 1080 (10th Cir. 2007), where "we concluded that the record in that case contained substantial evidence to support a finding that the claimant's IQ scores were not an accurate reflection of his intellectual abilities." *Harrold*, 299 F. App'x at 788. After distinguishing *Lax*, we concluded that "the Appeals Council erred in relying on Mr. Harrold's prior work history as a basis for rejecting Dr. Bryant's mild-retardation opinion and the IQ scores." *Id.*

-4-

In explaining why it thought the Commissioner's position had been substantially justified, the district court pointed to the conflict in the record between Mr. Harrold's own description of his work history as a maintenance worker in an apartment house (which involved preparing work orders, supervising other employees, remodeling units, and using tools) with the report he gave the clinical psychologist that his work had been routine and learned in a supportive environment. The Commissioner had correctly cited a regulation in his brief in the merits appeal cautioning that "the results of intelligence tests are only part of the overall assessment" and that it is important to also consider whether the IQ scores are "consistent with the developmental history and the degree of functional limitation." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(D)(6)(a). Reflecting our attention to the regulation, our order and judgment on the merits devoted considerable attention to the seeming conflict between Mr. Harrold's prior work history and his diagnosis of mild mental retardation. *See Harrold*, 299 F. App'x at 788.

The Commissioner was substantially justified in arguing that the Appeals Council had correctly denied benefits based on its consideration of Dr. Bryant's report, not in isolation, but in context with the rest of the record evidence, particularly Mr. Harrold's prior work history. The fact that this court ultimately held that the reasons relied upon by the Commissioner to deny benefits were not supported by substantial evidence does not necessarily mean that the

-5-

Commissioner's position, either at the agency level or in later litigation, was not substantially justified. *See Hadden v. Bowen*, 851 F.2d 1266, 1269 (10th Cir. 1988). The district court did not abuse its discretion in so finding.[1]

The judgment of the district court is AFFIRMED.

Entered for the Court


Bobby R. Baldock
Circuit Judge

---

[1] The fact that the district court mentioned a fact from the record that was not relied on by the Appeals Council in its merits decision does not mean that the court's denial of an EAJA award was tainted by inappropriate post hoc rationalization. The denial of a fee award was within the bounds of discretion because the Commissioner's position was substantially justified.