**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 29, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

KATHRYN L. JOHNS,

          Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE, in his
capacity as Commissioner of the
Social Security Administration,

          Defendant-Appellee.

No. 11-4099
(D.C. No. 1:09-CV-00104-BCW)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN** and **McKAY**, Circuit Judges, and **BRORBY**, Senior Circuit
Judge.

Kathryn Johns appeals the district court's denial of her motion for

attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A)

(EAJA), which followed the court's remand to the Commissioner of Ms. Johns's

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

claims for Social Security disability benefits.  Exercising jurisdiction under

28 U.S.C. § 1291 and 42 U.S.C. § 405(g), we affirm.

### *Background*[1]

In denying Ms. Johns's application for disability benefits, the

administrative law judge (ALJ) concluded that her diagnosed mental impairments

were not severe apart from alcohol abuse.  Before the district court, Ms. Johns

argued that the ALJ had failed to apply the correct analysis in assessing her

alcoholism.  Specifically, the ALJ did not first find that Ms. Johns was disabled,

and only then determine whether she would still be disabled if she stopped using

alcohol.  *See Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001).   The

government admitted that the ALJ did not follow the specified procedure, but

argued that the error was harmless because the dispositive question (whether

Ms. Johns would be disabled if she stopped using alcohol) was the same.  While

stating "that the Government's position does have a certain allure to it because it

---

[1]     Ms. Johns's appellate appendix is not "sufficient for considering and deciding the issues on appeal," 10th Cir. R. 30.1(A)(1), because it omits integral documents such as the parties' briefs regarding the merits, not to mention her EAJA fee motion and the Commissioner's response.  Further, those documents are sealed in the district court.  Rather than affirming this appeal based on an inadequate appendix, *see Burnett v. Sw. Bell Tel., L.P.*, 555 F.3d 906, 908-10 (10th Cir. 2009), however, we have relied on the district court's descriptions of the parties' positions and the arguments before it.  Counsel is cautioned that "an appellant who provides an inadequate record does so at his peril."  *Id.* at 908 (alteration and quotation omitted); *see also* 10th Cir. R. 30.1(A)(3) ("The court need not remedy any failure of counsel to provide an adequate appendix.").

is probable that on remand the end result will be the same," the district court held that *Drapeau* was controlling. Aplt. App. at 27. Accordingly, it remanded Ms. Johns's claims for further proceedings before the Commissioner.

Ms. Johns then moved for fees under the EAJA. In response, the government argued that an EAJA fee award was inappropriate because the government's harmless-error position was substantially justified. The district court concluded that it was reasonable for the government to advocate for applying the harmless-error doctrine because (1) the court had already acknowledged that the argument had "a certain allure to it" given the evidence in the record supporting the ALJ's decision, *id.* at 33; and (2) the harmless-error doctrine has been applied in Social Security cases, and the state of the doctrine with regard to alcohol disability cases was unclear. Accordingly, the district court concluded that the government's position was substantially justified and denied Ms. Johns's motion for fees.

### *Analysis*

The EAJA provides that in civil actions, a party who prevails against the United States is entitled to an award of attorney's fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The only dispute in this appeal is whether the Commissioner's position was substantially justified. Showing substantial justification (e.g., reasonableness in law and fact)

is the Commissioner's burden.  *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007).  "[T]he government's position must be 'justified to a degree that could satisfy a reasonable person[,]'" and it "'can be justified even though it is not correct.'"  *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 552, 565, 566 n.2 (1988)).  We review a district court's denial of an EAJA fee award for abuse of discretion.  *Madron v. Astrue*, 646 F.3d 1255, 1257 (10th Cir. 2011).  "Our appellate role is limited to ensuring that the district court's discretionary decision did not fall beyond the bounds of the rationally available choices before the district court given the facts and the applicable law in the case at hand."  *Id.* (alteration and quotation omitted)

Ms. Johns argues that the Commissioner's position was not substantially justified because, regardless of the Commissioner's litigating position, the ALJ was unreasonable in failing to apply the proper analytical procedure to her alcoholism.  She is correct that we must consider the Commissioner's position both in the agency and in the district court.  *See* 28 U.S.C. § 2412(d)(1)(B), (d)(2)(D); *Hackett*, 475 F.3d at 1172-73.  Further, it is true that the ALJ failed to apply the correct legal standard in the benefits analysis, and "EAJA fees generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position," *Hackett*, 475 F.3d at 1174 (quotation omitted).  Nevertheless, we cannot conclude that the district court abused its discretion in denying an award of EAJA fees.

This court has recognized that a harmless-error analysis may be appropriate in Social Security cases. *See Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) (stating that harmless error may apply "where, based on material the ALJ did at least consider (just not properly), we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter any other way"). In *Hackett*, the court held that *Allen* was inapplicable because the Commissioner was not supplying a missing dispositive finding, but instead was presenting an entirely new legal theory on appeal. 475 F.3d at 1175. Here, in contrast, it appears that the Commissioner hewed more closely to *Allen*, arguing that the ALJ considered Ms. Johns's alcoholism, just not properly, and that the ALJ ultimately arrived at the conclusion required by the evidence. Further, it appears that the district court believed that application of harmless error in this case was a close call. Under these circumstances, the district court did not cross the bounds of the rationally available choices available to it when it concluded that the Commissioner's position was substantially justified.

The judgment of the district court is AFFIRMED.

Entered for the Court

Monroe G. McKay
Circuit Judge