**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 11, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

LAURA M. THOMAS,

          Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE, Commissioner
of Social Security Administration,

          Defendant-Appellee.

No. 11-5088
(D.C. No. 4:09-CV-00380-TLW)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH** and **BALDOCK**, Circuit Judges, and **BRORBY**, Senior
Circuit Judge.

---

This appeal requires us to consider a magistrate judge's discretion to deny

attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.[1]

After a magistrate judge remanded Laura M. Thomas's disability claim to the

Commissioner of Social Security for further analysis, Ms. Thomas applied for

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]     The parties consented to the jurisdiction of the magistrate judge. *See*
28 U.S.C. § 636(c).

attorney's fees under the EAJA.  The magistrate judge denied her application for fees, Ms. Thomas appealed, and we now affirm.

Ms. Thomas originally applied for disability insurance benefits, claiming she was disabled on October 28, 2004, by deep vein thrombosis and obesity.  Her case proceeded to a hearing before an administrative law judge (ALJ), at which a medical expert testified that Ms. Thomas became disabled in May 2007.  Without discussing this testimony, the ALJ concluded that Ms. Thomas did indeed become disabled on May 1, 2007, but her insured status had already expired on December 31, 2006.  Consequently, the ALJ denied benefits, prompting Ms. Thomas to seek judicial review in the district court.

Ms. Thomas argued for a remand on the ground (among others) that the ALJ improperly evaluated the medical expert's opinion.  She acknowledged that the expert's opinion concerning her date of onset was predicated on evidence of neurological damage in her lower extremities discovered in 2007.  But she argued that there was other evidence documenting neurological changes as early as February 2005, yet the ALJ did not explain why he credited the expert's opinion over this other evidence.  The magistrate judge agreed that the ALJ failed to properly evaluate the medical expert's opinion, *see* 20 C.F.R. § 404.1527(f)(2)(ii) (requiring ALJ to evaluate opinion evidence under relevant factors and explain weight accorded to opinion), and he therefore remanded the case to the agency to allow the ALJ to explain the weight accorded to the expert's opinion.

Having succeeded in obtaining a remand, Ms. Thomas returned to the magistrate judge and requested $5,995.10 in attorney's fees pursuant to § 2412(d). In her application, she argued that the remand order was a favorable final judgment and the Commissioner's position was not substantially justified. The Commissioner, for his part, opposed a fee award, asserting that the issues before the magistrate judge "involve[d] a genuine dispute, reasonable people could differ as to the appropriateness of the matter, and the ALJ's decision was justified 'for the most part.'" Aplt. App., Vol. 1 at 75 (quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)). The Commissioner explained that the ALJ's decision was affirmed on all grounds except the medical expert's opinion, which only required further discussion of the weight assigned; otherwise, the ALJ's finding of May 1, 2007, as the date of onset was consistent with the expert's opinion. Hence, the Commissioner maintained that his position was substantially justified and fees should therefore be denied. The magistrate judge agreed with the Commissioner and held that "[t]he government's position . . . was not only substantially justified, any reasonable person would have viewed it as substantively correct, but technically defective." Aplt. App., Vol. 1 at 85.

We review the denial of an EAJA claim for abuse of discretion. *Pierce*, 487 U.S. at 558-59. The EAJA entitles a prevailing party to recover reasonable attorney fees from the government "'unless the court finds that the position of the United States was substantially justified or that special circumstances make an

award unjust.'" *Al-Maleki v. Holder*, 558 F.3d 1200, 1204 (10th Cir. 2009) (quoting 28 U.S.C. § 2412(d)(1)(A)). "The test for substantial justification in this circuit is one of reasonableness in law and fact." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (quotation omitted). In other words, "the government's position must be justified to a degree that could satisfy a reasonable person," but it need not necessarily be correct. *Id.* (quotation omitted).

We agree that the government's position was substantially justified. The dispositive issue for the magistrate judge was whether the ALJ properly evaluated the medical expert's opinion. The ALJ cited substantial evidence demonstrating that Ms. Thomas's condition had deteriorated until she was disabled in May 2007, but he did not discuss how (if at all) he weighed the medical expert's opinion. Although the Commissioner defended the ALJ's decision, he did so on substantially justifiable grounds, noting that the ALJ was not obligated to find that Ms. Thomas was disabled after her insured status expired. He also emphasized that the ALJ's finding of disability in May 2007 was consistent with the expert's opinion, which was itself substantial evidence supporting the ALJ's decision.

These arguments were rejected by the magistrate judge, but that does not render the government's position unreasonable. Rather, as the magistrate judge observed, "the record clearly supported the ALJ's decision so long as the ALJ simply stated the weight he assigned to the medical expert's opinion." Aplt.

-4-

App., Vol. 1 at 85. Indeed, the magistrate judge "fully anticipated that on remand the ALJ would promptly revise his decision to identify the weight he gave the medical expert <u>without</u> altering his ultimate conclusion that [Ms. Thomas] was not disabled prior to the onset date found by the ALJ." *Id.* These circumstances demonstrate that the magistrate judge acted within his discretion in denying attorney's fees.

Accordingly, the judgment of the district court is AFFIRMED.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge