**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JERRY L. PRITCHETT,

        Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,[*]
Commissioner of the Social Security
Administration,

        Defendant-Appellee.

No. 06-5130
(D.C. No. 05-CV-81-FHM)
(N.D. Okla.)

**ORDER**
Filed March 23, 2007

Before **PORFILIO**, **BALDOCK**, and **EBEL**, Circuit Judges.

This matter comes before the court on appellant's petition for panel

rehearing. In the petition, appellant contends the panel overlooked his argument

that the ALJ's decision violated this court's precepts in *Hackett v. Barnhart*,

395 F.3d 1168 (10th Cir. 2005).

Upon consideration thereof, we GRANT the petition for rehearing in part,

WITHDRAW our order and judgment of January 17, 2007, and substitute a

---

[*]    Pursuant to Fed. R. App. P. 43(c)(2), Michael J. Astrue is substituted for
JoAnn B. Barnhart as appellee in this action.

modified order and judgment filed this date. Appellant's motion to file reply to appellee's response is DENIED.

<div style="margin-left: 50%;">

Entered for the Court
ELISABETH A. SHUMAKER, Clerk


By:
    Deputy Clerk

</div>

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 23, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JERRY L. PRITCHETT,

      Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,[*]
Commissioner of the Social Security
Administration,

      Defendant-Appellee.

No. 06-5130
(D.C. No. 05-CV-81-FHM)
(N.D. Okla.)

**ORDER AND JUDGMENT**[**]

Before **PORFILIO**, **BALDOCK**, and **EBEL**, Circuit Judges.

      In June 2003, plaintiff applied for disability insurance benefits and

supplemental security income alleging disability due to chronic back pain.

After initial denials, plaintiff and his counsel appeared at a hearing before an

---

[*] Pursuant to Fed. R. App. P. 43(c)(2), Michael J. Astrue is substituted for JoAnn B. Barnhart as appellee in this action.

[**] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

administrative law judge (ALJ) who eventually ruled that plaintiff was not disabled within the meaning of the Social Security Act. The Appeals Council denied review, and plaintiff appealed to the district court which affirmed the decision of the Commissioner.

Plaintiff now appeals to this court, arguing that the ALJ (1) erred at steps two and three of the five-step sequential evaluation process; (2) failed to perform a proper credibility determination; and (3) erred at step five when he found that plaintiff could perform the job of self-service store attendant. Exercising jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, we reverse in part and remand.

In reviewing the ALJ's decision, "we neither reweigh the evidence nor substitute our judgment for that of the agency." *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Instead, we review the ALJ's decision only "to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003).

Plaintiff argues that the ALJ erred by failing to consider that his diagnosed pain disorder, a type of somatoform disorder, was severe at step two.[1] Plaintiff,

---

[1] Contrary to the Commissioner's position, the consulting psychologist, Dr. Vaught, made this diagnosis; it was not concocted by plaintiff's attorney. *See* Aplt. App., Vol. II at 128. Dr. Vaught provisionally diagnosed "Pain

(continued...)

however, failed to demonstrate that his pain disorder "significantly limits [his] . . . ability to do basic work activities." *See* 20 C.F.R. § 404.1520(c). A claimant at step two "must show more than the mere presence of a condition or ailment." *Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997).

Because plaintiff's pain disorder was not a severe impairment, the ALJ was not required to consider it at step three when he applied the listings. *Cf.* 20 C.F.R. § 404.1525(a) (noting that listings describe only severe impairments). As for the other impairments which the ALJ did recognize as severe, we hold that, despite the ALJ's failure to discuss the evidence or his reasons for determining that plaintiff was not disabled at step three, "the ALJ's factually substantiated findings at steps four and five of the evaluation process alleviates *any* concern that [plaintiff] might have been adjudged disabled at step three." *Fischer-Ross v. Barnhart*, 431 F.3d 729, 730 (10th Cir. 2005).

Turning to the ALJ's credibility determination, we find it adequately linked to and supported by specific evidence in the record. Specifically, we note that the most remarkable aspect of plaintiff's medical record is that there is so little of it. The medical evidence in the record comes entirely from consultative examinations

[1](...continued)
Disorder Associated with Both Psychological Factors and a General Medical Condition." This disorder is a type of pain disorder which itself is a subcategory of somatoform disorders. *See* Amer. Psychiatric Assn., *Diagnostic & Statistical Manual of Mental Disorders* 445, 462 (4th ed. 1994).

-3-

ordered by the Commissioner. Despite complaints of chronic and debilitating back pain that has lasted for twenty years, plaintiff never sought treatment by any private physician or used any pain medication other than over-the-counter remedies.[2] In response to plaintiff's explanation that he could not afford treatment, the ALJ noted that free medical care was available, a finding plaintiff does not dispute on appeal.

Plaintiff next argues that, because his RFC limits him to a low-noise work environment, he cannot do the job of self-service store attendant. That job is characterized as one with "moderate" noise, a level described in Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (U.S. Dep't of Labor, 1993) (SCO), as that encountered in a "business office where typewriters are used; department store; grocery store; light traffic; fast food restaurant at off-hours." *Id.* at 365, App. D. at D-2. Despite his use of the term "low," the ALJ characterized plaintiff's noise tolerance as being that of an "ordinary business commercial education type noise environment." Aplt. App. Vol. II at 185. The ALJ noted only that claimant "shouldn't be on a foundry floor or flagging trucks by or something like that because of the noise." *Id.* Because the level of noise described by the ALJ as "low" more properly lines up with the

---

[2]    There is some evidence that plaintiff would occasionally take pain medications given him by friends. Aplt. App., Vol. II at 63.

SCO definition of "moderate" noise, we find no conflict between plaintiff's RFC and the noise characteristics of a job as a self-service store attendant.

Plaintiff's RFC, however, does not match up to the mental demands of a self-service store attendant job. In *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005), this court reversed a portion of an ALJ's decision and remanded under circumstances indistinguishable from plaintiff's. In *Hackett,* the ALJ found the plaintiff restricted to "simple and routine work tasks." *Id.* The jobs identified for the plaintiff, however, required a reasoning level of three, defined as the ability to "'[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form[, and d]eal with problems involving several concrete variables in or from standardized situations.'" *Id.* (quoting *Dictionary of Occupational Titles*, Vol. II at 1011). This court noted that the limitation to simple or routine work "seems inconsistent with the demands of level-three reasoning." *Id.*

Similarly, here, the ALJ found plaintiff limited to "simple, repetitive and routine work." Aplt. App. Vol. II at 23. The ALJ further found, however, that plaintiff could work as a self-service store attendant, a job requiring a reasoning level of three. As in *Hackett*, a level-three reasoning requirement seems inconsistent with the ALJ's conclusion that plaintiff can only do jobs which present simple, repetitive and routine tasks. This case must therefore be reversed in part and remanded to allow the ALJ to address the apparent conflict between

plaintiff's inability to perform more than simple and repetitive tasks and the level-three reasoning required by the job identified for him by the vocational expert.

The judgment of the district court is therefore REVERSED in part, and this case is REMANDED with instructions to remand to the Commissioner for further proceedings consistent with this order and judgment.

Entered for the Court


Bobby R. Baldock
Circuit Judge