**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 23, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JERRY L. PRITCHETT,

       Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,

       Defendant-Appellee.

No. 08-5004
(D.C. No. 4:05-CV-00081-FHM)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **EBEL**, and **O'BRIEN**, Circuit Judges.

---

      Plaintiff-appellant Jerry L. Pritchett appeals the district court's denial of

his motion for attorney fees under 28 U.S.C. § 2412(d) (the Equal Access to

Justice Act or EAJA). Because the district court did not abuse its discretion in

refusing to award fees, we affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In the underlying case Mr. Pritchett appealed the district court's affirmance of the Commissioner's denial of his applications for social security disability insurance benefits and supplemental security income. This court initially affirmed, *Pritchett v. Barnhart*, No. 06-5130, 2007 WL 102983 (10th Cir. Jan. 17, 2007), but later granted rehearing, withdrew the affirmance, and reversed in part and remanded, *Pritchett v. Astrue*, 220 F. App'x 790, 791 (10th Cir. 2007). In partially granting rehearing, we instructed the district court to remand to the administrative law judge (ALJ) "to address the apparent conflict between plaintiff's inability to perform more than simple and repetitive tasks and the level-three reasoning required by the job [of self-service-store attendant] identified for him by the vocational expert." *Id.* at 793 (citing *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005) (*Hackett I*)).

Because Mr. Pritchett obtained a district-court remand to the Commissioner under sentence four of 42 U.S.C. § 405(g), he is a prevailing party for EAJA purposes. *Hackett v. Barnhart*, 475 F.3d 1166, 1168 (10th Cir. 2007) (*Hackett II*). He is therefore "entitled to recover reasonable attorney fees from the United States unless the court finds that the position of the United States was substantially justified[,]" *id.* (internal quotation marks omitted), or there are "special circumstances that make an award of fees unjust[,]" *id.* at 1172 (internal quotation marks omitted). Because the Commissioner does not make the latter

argument, "[t]he only dispute in this appeal is whether the Commissioner's position was substantially justified." *Id.*

In denying the fee motion, the magistrate judge before whom the parties agreed to proceed concluded that the Commissioner's position both at the agency level and at the litigation level was substantially justified. We agree.

The Commissioner has the burden of demonstrating that his position was substantially justified, a test that, in this circuit, means his position was reasonable in law and in fact and thus can be "justified to a degree that could satisfy a reasonable person." *Id.* (internal quotation marks omitted). Even though the Commissioner's position turns out to be incorrect, it can still be justified. *Id.* Both the Commissioner's prelitigation and litigation positions must have had reasonable bases in fact and law to be considered substantially justified. *Gutierrez v. Sullivan*, 953 F.2d 579, 585 (10th Cir. 1992).

"We review the district court's determination of whether the government's position was substantially justified for abuse of discretion." *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995). "An abuse of discretion occurs when the district court bases its ruling on an erroneous conclusion of law or relies on clearly erroneous fact findings." *Hackett II*, 475 F.3d at 1172 (internal quotation marks omitted).

As mentioned above, the Commissioner's decision was reversed based on *Hackett I* because the ALJ had not reconciled the seeming inconsistency between

his finding that Mr. Pritchett was limited to simple, repetitive, and routine tasks, and his further finding that Mr. Pritchett could also do the job of convenience-store attendant, a position that requires a reasoning level of three, defined as the ability to "'[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form[, and d]eal with problems involving several concrete variables in or from standardized situations.'" *Hackett I*, 395 F.3d at 1176 (*quoting* U.S. Dep't of Labor, Employment & Training Admin., *Dictionary of Occupational Titles*, Vol. II at 1011 (4th ed. 1991)). *Hackett I*, however, was not announced until after the ALJ's decision in this case, and a position contrary to *Hackett I* was not unreasonable. *See Hackett II*, 475 F.3d at 1173 (Commissioner's losing arguments on appeal in *Hackett I* "were quite reasonable"). Accordingly, at least for the prelitigation phase, we cannot say that the position of the Commissioner was substantially unjustified.

Mr. Pritchett also urges us to find that the position of the Commissioner during litigation was substantially unjustified. Again, we disagree. In both the district court and in this court on appeal, Mr. Pritchett raised the *Hackett* issue in only the most casual fashion. In his opening brief on the merits in the district court, the sum of Mr. Pritchett's relevant argument is the following: "The reasoning level required by this job is more than simple, repetitive, and routine as in the hypothetical and RFC. *See **Hackett v. Barnhart**, **395 F.3d 1168, 1176**

**(10th Cir. 2005)**." Aplt. App. Vol. I at 18 (citation omitted). No mention of the issue appears in Mr. Pritchett's reply brief in the district court.

Similarly, on appeal to this court Mr. Pritchett's entire argument appeared on page 38 of a 40-page opening brief and was limited to two and one-half sentences:

> A RFC for simple, routine tasks contemplates a reasoning ability of level 1. ***Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005)**. The job of sales attendant requires a reasoning ability of level 3, which is far in excess of that required for simple, repetitive and routine work. **Id.** The sales attendant job is performed in a moderately noisy environment, requires the use of fine vision, and requires a reasoning level of 3, all of which are prohibited by the specific limitations in the ALJ's hypothetical and RFC.

Aplt. App. Vol. I at 115. Mr. Pritchett made a slightly longer four-sentence argument in his reply brief. *Id.* at 279-80. In this EAJA appeal Mr. Pritchett quotes the arguments made by both sides in their merits briefs, but he makes no argument why the Commissioner's position was substantially unjustified. Opening Br. at 16-21.

Although the Commissioner did respond to the *Hackett* argument, both at the district court level and on appeal, he devoted about as much time to the issue as did Mr. Pritchett. That is: not much. *See* Aplt. App. Vol. I at 45 (Aplee. Resp. Br. in D. Ct.); *id.* at 254, 256-57 (Aplee. Br. on Appeal). Until Mr. Pritchett filed his petition for rehearing, the *Hackett* issue was so poorly developed in Mr. Pritchett's briefs that the Commissioner was substantially

justified in advancing a similarly abbreviated response. Moreover, because of the skimpy presentation in Mr. Pritchett's briefs, even this court did not focus on the *Hackett* argument until Mr. Pritchett filed his petition for rehearing. That he was the beneficiary of panel generosity regarding his petition for rehearing does not mean that the Commissioner's position was substantially unjustified. The merits panel could justifiably have denied the petition because of the undeveloped nature of the *Hackett* argument in the briefs. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) (declining to consider arguments inadequately presented in an appellant's opening brief). If this court need not address an undeveloped argument in an appellant's brief, we can hardly say that the appellee was unreasonable in not conceding the argument.

In response to the petition for rehearing, the Commissioner advanced arguments in opposition which, while ultimately unavailing, were nonetheless reasonable. Those arguments included citation to an unpublished order and judgment of this court, *Sandoval v. Barnhart*, 209 F. App'x 820 (10th Cir. 2006), that arguably could have undermined Mr. Pritchett's position. Even though in Mr. Pritchett's prior appeal we implicitly disagreed with the analysis in the *Sandoval* panel's decision (a disagreement we need not resolve here), we cannot say that the Commissioner's adoption of the same argument relied upon in

*Sandoval* was substantially unjustified.[1]  The Commissioner's position was thus unlike that of the Secretary in *Gatson v. Bowen*, 854 F.2d 379, 380-81 (10th Cir. 1988), who continued to advance an argument that was no longer viable because of a change in the law.

Mr. Pritchett argues that the ALJ failed to question the vocational expert about whether his testimony conformed with the Dictionary of Occupational Titles.  Opening Br. at 28.  We will not address this argument as it is not relevant to the issue of EAJA fees and, moreover, was not part of Mr. Pritchett's case on the merits.

The judgment of the district court is AFFIRMED.

> Entered for the Court
>
>
> Harris L Hartz
> Circuit Judge

---

[1]     The magistrate judge referred to the Commissioner's arguments opposing the petition for rehearing in his order, Opening Br. Ex. Q at 4-5, thus undermining Mr. Pritchett's contention that the district court failed to focus on the litigation that occurred after the case came to the Tenth Circuit on appeal.  *Id.* at 21**.**