FILED
United States Court of Appeals
Tenth Circuit

December 14, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

GORDON L. GEORGE,

Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

Defendant-Appellee.

No. 11-6108
(D.C. No. 5:06-CV-00960-C)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before **LUCERO**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

After developing pain in his neck and shoulders, Gordon George was
diagnosed with cancer in 2003 and underwent surgery and radiotherapy. During
his recovery, he continued to experience pain spanning from his neck to his
shoulder and arm. Separately, a November 2004 MRI revealed significant issues
with his back and in December Mr. George underwent spinal surgery.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In light of these dual developments, Mr. George applied for disability and supplemental security income benefits. After many and various hearings, an administrative law judge (ALJ) concluded that for the period June 1, 2003, through July 31, 2005, Mr. George's impairments satisfied the requirements of Listings 1.04 (spine disorders), 13.02 (soft-tissue tumors of the head and neck), and 13.03 (skin cancers). Accordingly, the ALJ declared that Mr. George was disabled during that period. But the ALJ further found that Mr. George's condition improved dramatically over time and that by August 1, 2005, he no longer met any disability listing. Concluding that Mr. George had the residual functional capacity ("RFC") to perform light work, except for repetitive overhead reaching with his right arm, the ALJ further concluded — with input from a vocational expert — that jobs existed in the national economy Mr. George could perform. The Appeals Council denied review, making the ALJ's decision the final agency determination, and the district court affirmed.

Before this court, Mr. George pursues several challenges to the ALJ's determination that he suffered no legally cognizable disability after August 1, 2005. We reject all those challenges, and affirm for substantially the reasons given by the district court, with one exception. Only that exception merits discussion here.

The ALJ erred by failing to consider whether, after August 1, 2005, Mr. George suffered from a mental disability. The record shows Mr. George has

a substantial documented and diagnosed history of depression and anxiety and has been repeatedly prescribed medications commonly used to treat those conditions. *See* Aplt. App. Vol. 2 at 66, 69, 115, 128, 135, 161, 162, 177, 187-88, 248, 257-59, 268; *id.* Vol. 3 at 308, 313, 323, 327, 334-35, 338, 340, 349, 360. Yet, despite this evidence suggesting a medically determinable mental impairment, *see* 20 C.F.R. § 404.1508; *Lamb v. Barnhart*, 85 F. App'x 52, 57-58 (10th Cir. 2003) (sufficient evidence to establish medically determinable mental impairment where claimant was diagnosed with depression and treated with drugs), the ALJ made no mention of it. Neither did the ALJ apply the so-called "special technique" specified by regulation for evaluating the severity of a mental impairment, *see* 20 C.F.R. §§ 404.1520a, 416.920a. Nor did he provide in the RFC for any work-related limitations due to mental impairments (or, conversely, state that there were none). This was error as a matter of law. *See Hill v. Sullivan*, 924 F.2d 972, 974 (10th Cir. 1991) ("Since the record contained evidence of a mental impairment that allegedly prevented claimant from working, the Secretary was required to follow the procedure for evaluating the potential mental impairment set forth in his regulations and to document the procedure accordingly.") (citing 20 C.F.R. § 404.1520a).

Relying on *Armijo v. Astrue*, 385 F. App'x 789, 791-93 (10th Cir. 2010), the district court suggested that the ALJ's error was harmless. But in *Armijo* the ALJ explicitly considered the claimant's depression and concluded that because it

was controlled by medication, it imposed no more than a minimal effect on the claimant's ability to work. *Id.* at 790. The error — reaching this conclusion without applying the regulatorily specified "special technique," *id.* at 791 — was harmless because the ALJ issued a clear factual finding that the condition had only a minimal effect on the claimant's ability to work and there was nothing in the record to undermine this conclusion. *Id.* at 792. Simply put, the ALJ's factual finding was supported by substantial evidence, and his failure to use one particular method for arriving at that finding instead of another was harmless because the result wouldn't (couldn't) change as a matter of law.

In our case, by contrast, the ALJ has not made *any* factual findings — one way or the other — about the existence, severity, or functional limitations, if any, imposed by Mr. George's mental condition. It's entirely *possible* the ALJ on remand will find Mr. George's mental health issues have no impact on his ability to work. But the problem here is that — unlike in *Armijo* — we just don't *know* what the ALJ thinks on that score because he hasn't made any factual findings about it. Neither may we, as a reviewing court, guess at what might've been in the ALJ's head when it comes to the facts. He's the fact-finder, not us. "[A]s a court acting within the confines of its administrative review authority, we are empowered only to review the ALJ's decision for substantial evidence and, accordingly, we are not in a position to draw factual conclusions on behalf of the ALJ." *Allen v. Barnhart*, 357 F.3d 1140, 1144 (10th Cir. 2004) (quotations

omitted).  In *Armijo*, the ALJ told us what he thought the facts were, his findings were supported by substantial evidence, and we simply had to decide whether applying the correct legal test (the "special technique") changed the outcome, really just a legal question.  Here, we have no factual findings to work with in the first place, and that's a very different sort of problem for a reviewing court with no business in the fact-finding line of work.

The district court's decision is reversed and remanded with instructions to remand to the Commissioner for further proceedings consistent with this Order and Judgment.

Entered for the Court


Neil M. Gorsuch
Circuit Judge