FILED
United States Court of Appeals
Tenth Circuit

February 12, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

GORDON L. GEORGE,

      Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration,

      Defendant-Appellee.

No. 12-6143
(D.C. No. 5:06-CV-00960-C)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **O'BRIEN**, Circuit Judges.

This court remanded Gordon L. George's claims for disability and

supplemental security income benefits, holding that in light of the record evidence of

treatment for depression and anxiety, the ALJ erred in failing to make findings

regarding mental impairments. *George v. Astrue*, 451 F. App'x 767, 768-69

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(10th Cir. 2011). Mr. George then moved for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The district court denied the application, and Mr. George appeals.

The EAJA entitles a prevailing party to recover reasonable attorney fees from the government "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." *Id.* § 2412(d)(1)(A). The only dispute in this appeal is whether the Commissioner's position was substantially justified. To be substantially justified, the government's position must be "'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). In this circuit, this test is expressed as "reasonableness in law and fact." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007). "As defined by EAJA, '"position of the United States" means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based.'" *Id.* (quoting 28 U.S.C. § 2412(d)(2)(D)). The general rule is that EAJA fees "should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position." *Id.* at 1174 (internal quotation marks omitted).

We review the district court's decision for abuse of discretion. *Pierce*, 487 U.S. at 559. "An abuse of discretion occurs when the district court bases its ruling on an erroneous conclusion of law or relies on clearly erroneous fact findings."

*Hackett*, 475 F.3d at 1172 (internal quotation marks omitted).  "Our appellate role is limited to ensuring that the district court's discretionary decision did not fall beyond the bounds of the rationally available choices before the district court given the facts and the applicable law in the case at hand."  *Madron v. Astrue*, 646 F.3d 1255, 1257 (10th Cir. 2011) (brackets and internal quotation marks omitted).

In the merits case, the Commissioner argued in the district court that the ALJ was not required to discuss every piece of evidence, Mr. George had not pointed to any medical evidence showing that his mental impairments caused any particular work-related limitations, and Mr. George's attorney had not asked the vocational expert (VE) about any limitations from mental impairments.  The magistrate judge recommended that the district court affirm the Commissioner's decision to award only a closed period of benefits for certain physical impairments because Mr. George had not discussed how his mental impairments affected his ability to work.  Citing *Armijo v. Astrue*, 385 F. App'x 789, 791-93 (10th Cir. 2010), the magistrate judge stated that even if it was error for the ALJ not to use the required "special technique" for mental impairments, it was harmless because Mr. George had not identified mental impairments as a basis of disability and there was no record evidence of any functional limitations attributable to the mental impairments.  The district court adopted the magistrate judge's report and recommendation.

In Mr. George's appeal, the Commissioner again argued that Mr. George had not identified any medical evidence establishing limitations from any mental

impairments and Mr. George's attorney had not asked the VE any questions regarding limitations from mental impairments. This court, however, opined:

> The record shows Mr. George has a substantial documented and diagnosed history of depression and anxiety and has been repeatedly prescribed medications commonly used to treat those conditions. Yet, despite this evidence suggesting a medically determinable mental impairment, the ALJ made no mention of it. Neither did the ALJ apply the so-called "special technique" specified by regulation for evaluating the severity of a mental impairment. Nor did he provide in the RFC for any work-related limitations due to mental impairments (or, conversely, state that there were none). This was error as a matter of law.

*George*, 451 F. App'x at 768 (citations omitted). This court then rejected the district court's reliance on *Armijo*. *Id.* at 768-69. In *Armijo*, "the ALJ's factual finding was supported by substantial evidence, and his failure to use one particular method for arriving at that finding instead of another was harmless because the result wouldn't (couldn't) change as a matter of law." *Id.* at 768. But in *George*,

> by contrast, the ALJ has not made *any* factual findings—one way or the other—about the existence, severity, or functional limitations, if any, imposed by Mr. George's mental condition. It's entirely *possible* the ALJ on remand will find Mr. George's mental health issues have no impact on his ability to work. But the problem here is that—unlike in *Armijo*—we just don't *know* what the ALJ thinks on that score because he hasn't made any factual findings about it. Neither may we, as a reviewing court, guess at what might've been in the ALJ's head when it comes to the facts. He's the fact-finder, not us.

*Id.* at 768-69.

In denying Mr. George's EAJA motion, the district court held that the Commissioner's litigation position was substantially justified because (1) the district court had accepted the Commissioner's argument that there was no link between any

mental impairments and Mr. George's ability to work, and (2) Mr. George was represented by counsel, and "the ALJ was entitled to rely on that counsel to present the relevant evidence effectively to present Plaintiff's case," Aplt. App., Vol. 1 at 168.

Mr. George argues that the denial of his fee motion is an abuse of discretion because the ALJ committed a legal error, and a legal error is not harmless and "cannot be substantially justified." Aplt. Br. at 20. We disagree. In appropriate circumstances, we have held that legal errors in Social Security proceedings are harmless. *See, e.g., Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1163, 1165 (10th Cir. 2012); *Poppa v. Astrue*, 569 F.3d 1167, 1173 (10th Cir. 2009); *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004). Additionally, we have found arguments defending the agency's legal error to be substantially justified, even if not correct. *See, e.g., Thomas v. Astrue*, 475 F. App'x 296, 298 (10th Cir. 2012); *Pritchett v. Astrue*, 287 F. App'x 680, 682-83 (10th Cir. 2008).

Mr. George further asserts that counsel's presentation of the mental impairments during the hearing was sufficient to put the ALJ on notice that such impairments were an issue. We agree that our decision in the merits case was based not on a lack of evidence, but on the ALJ's failure to address the evidence that was in the record. Nevertheless, counsel's performance is not entirely irrelevant to whether the Commissioner's arguments were substantially justified. *Cf. Pritchett*, 287 F. App'x at 682 (noting counsel's "most casual" presentation of the critical issue

- 5 -

in the litigation).  But given that this court long ago recognized that a diagnosis of depression does not necessarily establish disability, *Bernal v. Bowen*, 851 F.2d 297, 301 (10th Cir. 1988), and that there was little record evidence of functional limitations resulting from Mr. George's impairments, *see George*, 451 F. App'x at 768-69 ("It's entirely possible the ALJ on remand will find Mr. George's mental health issues have no impact on his ability to work." (emphasis omitted)), the Commissioner's merits arguments were not unreasonable.

Because the district court's denial of EAJA fees did not fall beyond the range of rationally available choices before it, its judgment is affirmed.

Entered for the Court


Monroe G. McKay
Circuit Judge