RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 16a0236p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

RAMON AMEZOLA-GARCIA, a.k.a. Jose Rivera-Camarena,

         *Petitioner*,

  *v.*

            No. 15-3328

LORETTA E. LYNCH, Attorney General,

         *Respondent*.

On Petition for Review of an Order
from the Board of Immigration Appeals.
No. A074387805.

Decided and Filed:  August 26, 2016[*]

Before:  BOGGS and ROGERS, Circuit Judges; BERG, District Judge.[**]

_____

## ORDER

_____

ROGERS, Circuit Judge.  Ramon Amezola-Garcia ("Amezola-Garcia"), a Mexican citizen whose final removal order we recently upheld along with a remand for a voluntary-departure determination, requests attorney's fees under the Equal Access to Justice Act ("EAJA").  The fees are not warranted under that act, however, because the Government's position, if partially unjustified, was as a whole justified.

_____

[*] This order originally issued on August 26, 2016.  The court has now designated the order as one recommended for full-text publication.

[**] The Honorable Judge Terrence Berg, United States District Judge for the Eastern District of Michigan, sitting by designation.

Amezola-Garcia, who was ordered removed for being present in the United States without having been admitted or paroled, sought judicial review of the Board of Immigration Appeals's ("BIA's") denial of his applications for withholding of removal and voluntary departure. He primarily argued that the BIA erred by sending his case to a single-member panel for review rather than to a three-member panel, by rejecting his argument that his familial relationship with his murdered brother-in-law will subject him to future persecution in Mexico, and by mischaracterizing the record in its voluntary-departure determination. While the Government opposed most of Amezola-Garcia's petition, it conceded on judicial review that the BIA's interpretation of the record in its voluntary-departure determination was problematic and warranted a remand. In light of the Government's concession, we remanded the voluntary-departure determination to the BIA for reconsideration of its decision. We held that the remainder of Amezola-Garcia's petition was without merit.  Amezola-Garcia now applies for attorney fees under the EAJA, 28 U.S.C. § 2412.

In order to recover attorney's fees under the EAJA, the applicant must satisfy four requirements:

> (1) that the fee applicant be a prevailing party; (2) that the government's position not be substantially justified; (3) that no special circumstances make an award unjust; and (4) that the fee applicant file the requisite application within thirty days of final judgment.

*Townsend v. Soc. Sec. Admin.*, 486 F.3d 127, 129–30 (6th Cir. 2007) (citing *Comm'r, INS v. Jean*, 496 U.S. 154, 158 (1990)).  We deny the motion for fees for failure to meet the second requirement, and do not address the remaining requirements.

Assuming that the Government's pre-litigation position on voluntary departure was not justified, the fact that the remainder of the Government's case was justified renders the Government's position in this case, as a whole, substantially justified.  In order for a party to recover attorney's fees under the EAJA, the Government's position "as a whole" must not have been substantially justified.  28 U.S.C. § 2412(d)(1)(A); *E.E.O.C. v. Memphis Health Ctr., Inc.*, 526 F. App'x 607, 615 (6th Cir. 2013).  Further, because the Government's "position" comprehends both the underlying agency action and the current litigation, *Delta Eng'g v. United*

*States*, 41 F.3d 259, 261 (6th Cir. 1994) (citing 28 U.S.C. § 2412(d)(2)(D)), the position that the Government took when arguing before the BIA is fair game.

Amezola-Garcia states that the government's pre-litigation position was substantially unjustified, as evidenced by the fact that the Government conceded on appeal that remand was warranted. While Amezola-Garcia is unhelpful in explaining *why* the Government's pre-litigation position was unjustified (as he does not provide any citations to the administrative record highlighting the Government's position below), we assume that the Government's pre-litigation position regarding voluntary departure was, in fact, unjustified.

However, the Government's position "as a whole" must be examined when determining the "substantial justification" question, and an EAJA application fails if the multiple claims involved in the case are "distinct" and if the more "prominent" claims were substantially justified. *Memphis Health Ctr.*, 526 F. App'x at 615 (citing *United States v. Heavrin*, 330 F.3d 723, 730 (6th Cir. 2003)). No Sixth Circuit case elaborates on the "as a whole" standard adopted by the *Memphis Health Center* court, but two points indicate that the Government's position "as a whole" was substantially justified. First, the majority of the Government's arguments were justified, as the Government successfully argued against Amezola-Garcia's request for a three-member panel and his withholding-of-removal application. *See* slip op. at 5–11. Further, these other claims are quite "distinct" from the voluntary-departure issue. The procedural "three-member panel versus one-member panel" issue is a matter of law entirely separate from the issue of whether Amezola-Garcia had sufficiently good moral character to merit voluntary departure. Additionally, the question of whether Amezola-Garcia demonstrated a clear probability of future persecution sufficient to warrant withholding of removal is likewise distinct from the issue of whether he has good moral character. These two other claims were also more "prominent" than the voluntary-departure issue. The voluntary-departure issue made up only seven pages out of the twenty-five pages of argument in his brief, and it was the last argument made. Second, the Government's litigation position before this court was entirely justified. Rather than continuing to advance an incorrect interpretation of the record, the Government conceded error. Amezola-Garcia suggests that the Government's position on appeal was substantially unjustified because it failed to include in its brief's table of contents the section in which it conceded error. Such

conduct hardly rises to the level of being "substantially unjustified," as this court was obviously able to locate the Government's concession in its brief.

While *Memphis Health Center* is unpublished, its reasoning as to why the "as a whole" standard applies is persuasive.  The *Memphis Health Center* court explained that this court previously adopted the "as a whole" standard in a published case when it was interpreting "the position of the [United States]" language in the Hyde Amendment, which is subject to the procedures and limitations of the EAJA.  526 F. App'x at 615 & n.5 (citing *Heavrin*, 330 F.3d 723).  Further, the *Heavrin* court specifically stated that "the term 'position' should be accorded the same meaning under the Hyde Amendment as it is in the EAJA."  330 F.3d at 730.  Thus, given this court's published holding in *Heavrin*, the "as a whole" standard applies.

The motion for attorney fees under the EAJA is accordingly denied.