KING, Circuit Judge, dissenting:
W.M.V.C. and A.P.V. prevailed on their petition for review. They are thus entitled to an attorney fee unless the Government's position "was substantially justified." 28 U.S.C. § 2412(d)(1)(A). The Government all but concedes that its opposition to the petitioners' perceived-homosexuality asylum claim was not substantially justified.[1] Nevertheless, the majority concludes that the Government's position as a whole was substantially justified because the Government made reasonable arguments in opposition to the petitioners' alternative grounds for relief. I disagree. The Government's position was that the petitioners must be removed from the United States. That the Government was wrong for only one of several possible reasons does not make its position any more justified as a whole. I would grant the petitioners' motion for an attorney fee.
In weighing a motion for an attorney fee under the Equal Access to Justice Act ("EAJA"), we must identify the Government's "overall position" and ask whether that position was substantially justified. Roanoke River Basin Ass'n v. Hudson , 991 F.2d 132, 140 (4th Cir. 1993). In certain cases more complex than the one at bar, identifying the Government's overall position can pose a confounding challenge. See, e.g. , United States v. 515 Granby, LLC , 736 F.3d 309, 317 (4th Cir. 2013). But this hand-wringing is not needed here; the Government's position is readily identifiable without breaking the case into "atomized line items," as the Supreme Court has cautioned us against. Comm'r, INS v. Jean , 496 U.S. 154, 161-62, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990).
The majority stumbles by confusing alternative arguments with separable challenges to discrete governmental actions. The Government here did not "ma[k]e multiple determinations," as the majority asserts. If that were so, then I would agree with the majority's decision to identify *215 the most prominent issues and consider whether the Government's positions with respect to those issues were substantially justified. See, e.g. , Amezola-Garcia v. Lynch , 835 F.3d 553, 555 (6th Cir. 2016) (considering whether Government's denial of withholding of removal or denial of voluntary removal was more prominent action driving litigation). But the Government made only one determination here-that the petitioners must be removed. And when a litigant challenging a single administrative determination does so with alternative arguments , the success on any one of which requires a complete remand to the agency, most courts focus only on the Government's position with respect to the litigant's winning argument. See Glenn v. Comm'r of Soc. Sec. , 763 F.3d 494, 499 (6th Cir. 2014) ("The inclusion of three unsuccessful claims in Glenn's petition for review did not undermine the inevitability of remand."); Hackett v. Barnhart , 475 F.3d 1166, 1173 n.1 (10th Cir. 2007) ("[T]he fact that the Commissioner prevailed in the district court on most issues did not alter the fact that she acted unreasonably in denying benefits at the administrative level."); Air Transp. Ass'n of Can. v. FAA , 156 F.3d 1329, 1332 (D.C. Cir. 1998) ("[I]t cannot be the case that Congress intended that a party who prevails on an essential ground of a petition to set aside government action cannot recover the congressionally contemplated fees because the government's action was substantially unjustified on only one of several possible bases.").[2]
This approach best achieves the EAJA's "specific statutory goals of encouraging private parties to vindicate their rights and 'curbing excessive regulation and the unreasonable exercise of Government authority.' " Jean , 496 U.S. at 164-65, 110 S.Ct. 2316 (quoting H.R. Rep. No. 96-1418, at 12 (1980)). In penalizing the petitioners for challenging their deportation, the majority's approach will discourage future litigants from challenging unreasonable exercises of governmental power because the litigants might get stuck with the cost of doing so if the Government can reasonably oppose a substantial enough alternative argument.
To the extent litigants do challenge unreasonable governmental actions, I fear the majority's approach will perversely disincentivize litigants from making alternative arguments. Under the majority's approach, a litigant is best advised to stick only to its strongest argument, lest a weaker (though perhaps still winning) alternative argument be deemed more prominent. After all, if the petitioners in this case had raised only their perceived-homosexuality argument, then under the majority's approach, they would have been entitled *216 to an EAJA award. "But litigation is not an exact science. In some cases, the lawyer's flagship argument may not carry the day, while the court embraces a secondary argument the lawyer rated less favorably." Goos v. Nat'l Ass'n of Realtors , 68 F.3d 1380, 1386 (D.C. Cir. 1995). As the en banc Ninth Circuit recently recognized, penalizing attorneys (especially those relying on an EAJA award for their compensation) for making alternative arguments "would put lawyers in an untenable ethical position." Ibrahim v. U.S. Dep't of Homeland Sec. , 912 F.3d 1147, 1176 (9th Cir. 2019) (en banc); see also Hensley v. Eckerhart , 461 U.S. 424, 435, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) ("Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters ." (emphasis added)).
Awarding an attorney fee here would not render undue harm to the public fisc. The rule for which I advocate would award an EAJA fee only when the Government could have avoided the litigation altogether by acting reasonably. Here, if the Government had recognized the weakness of its opposition to the petitioners' perceived-homosexuality argument earlier, it could have granted them asylum (or at least developed a sounder basis for denying asylum) and saved them the substantial sum of money they spent developing their opening brief.
For these reasons, I would conclude the Government's position in this case was not substantially justified and award the petitioners an attorney fee. I respectfully dissent.

The Government does not argue that its position with respect to the petitioners' perceived-homosexuality argument was substantially justified. The Government has the burden of showing that its position was substantially justified, Sims v. Apfel , 238 F.3d 597, 602 (5th Cir. 2001), so its failure to defend its position on the perceived-homosexuality argument resolves that issue for the sake of this motion. The majority does not assert otherwise.

Admittedly, one case supports the majority's approach. See Gatimi v. Holder , 606 F.3d 344, 349-50 (7th Cir. 2010). But Gatimi carries little persuasive value. The court cited no authority for the proposition that the Government's position on the more prominent of two individually sufficient alternative arguments should constitute its overall position in a litigation. See ids="3678096" index="127" url="https://cite.case.law/f3d/606/344/#p350">id. Nor did the court provide any further analysis considering the wisdom of this approach or acknowledge that its approach directly conflicted with the Tenth Circuit's analysis in Hackett . See ids="3678096" index="128" url="https://cite.case.law/f3d/606/344/#p350">id. I would not follow it without independent justification.
To the extent the majority views its opinion as falling on the heavier-trafficked side of a circuit split, it is incorrect. Of the numerous cases the majority cites, only Gatimi takes the majority's totality approach when addressing individually sufficient alternative arguments challenging a single governmental action. Hackett and Glenn directly contradict the majority's position, while the other cases the majority cites do not squarely confront the question currently before us. Thus, the majority stands alone with the Seventh Circuit, while I would join the Sixth, Tenth, and D.C. Circuits. Although I would do so for better reasons than nose-counting alone.