FILED
United States Court of Appeals
Tenth Circuit

December 28, 2007

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

R.M. INVESTMENT CO., doing
business as Trappers Lake Lodge and
Resort,

        Plaintiff - Appellant,

   v.

UNITED STATES FOREST
SERVICE; DON G. CARROLL, in his
official capacity as White River
National Forest Supervisor,

        Defendant - Appellee.

No. 06-1456

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. NO. 04-cv-2314-REB)**

---

Submitted on the briefs:[*]

Tracy A. Oldemeyer, Cline, Williams, Wright, Johnson & Oldfather, L.L.P., Fort
Collins, Colorado, for Plaintiff - Appellant.

Matthew J. McKeown, Acting Assistant Attorney General, Washington, D.C.,
Troy A. Eid, United States Attorney, and Kevin Traskos, Assistant United States
Attorney, Denver, Colorado, Ellen Durkee and M. Alice Thurston, Attorneys,
United States Department of Justice, Environment & Natural Resources Division,

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

and Kenneth Pitt, Office of the General Counsel, Department of Agriculture, and Kenneth Pitt, Office of the General Counsel, Department of Agriculture, Washington, D.C., for Defendants - Appellees.

---

Before **HARTZ**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **TYMKOVICH**, Circuit Judge.

---

**HARTZ**, Circuit Judge.

---

R.M. Investment Co., doing business as Trappers Lake Lodge and Resort (Trappers), appeals a district-court order vacating as moot its prior order setting aside a decision by the United States Forest Service that had revoked Trappers' permits to operate a lodge and an outfitter-guide service. Trappers also appeals an order denying its request for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. We affirm.

## I. BACKGROUND

Trappers operated a lodge and outfitter-guide activities on land in the White River National Forest in Colorado. The Forest Service granted Trappers the necessary permits for this use of national-forest land. In June 2003 the Forest Service issued Trappers a Notice of Noncompliance asserting that it was in violation of some of the terms and conditions of the permits. Trappers responded three days later, stating why it believed itself to be in compliance. The Forest Service neither acknowledged the response nor took any further action for nearly

a year.  On May 26, 2004, it issued a Notice of Immediate Suspension based on its "immediate concern for environmental and public safety."  Aplt. App. at 125. On June 7 it issued a Notice of Noncompliance and Opportunity to Cure, giving Trappers until August 15 to take corrective action itemized in the notice. Trappers' response of June 16 crossed in the mail with a June 15 Notice of Revocation, which set forth additional alleged permit violations.  The revocation notice required Trappers to remove its improvements from the forest land.

Trappers pursued an administrative appeal but was unsuccessful.  It then sought review under the Administrative Procedures Act (APA) in the United States District Court for the District of Colorado.  *See* 5 U.S.C. §§ 701-706. Relief available under the APA does not include damages.  *See id.* § 702.

On October 7, 2005, while the case was pending in district court, Trappers sold its White River assets but did not advise the court.  On October 19, 2005, the court entered an order setting aside the Notice of Revocation because the Forest Service had violated proper procedure in revoking the permits.  The court also granted Trappers its costs but denied attorney fees to Trappers on the ground that the Forest Service's position was substantially justified.  On November 3, 2005, the Forest Service moved to vacate the judgment, contending that Trappers' sale of its property had mooted the case before the district court issued its order.  The district court granted the motion on September 5, 2006, dismissing the case as moot and vacating the October 2005 judgment.

Trappers appeals, arguing that the district court erred in determining that the case is moot. It also challenges the district court's denial of its request for attorney fees under the EAJA, asserting that the Forest Service's position was not substantially justified.

## II.    DISCUSSION

### A.    Mootness

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). A federal court lacks jurisdiction unless "a litigant [has] suffered, or [is] threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* "To qualify as a case fit for federal-court adjudication, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (internal quotation marks omitted). On the other hand,

> [w]e will not dismiss [a case] as moot if (1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit.

*Riley v. INS*, 310 F.3d 1253, 1257 (10th Cir. 2002) (internal quotation marks omitted). "We review de novo the question of whether a case is moot." *Unified*

*Sch. Dist. No. 259 v. Disability Rights Ctr. of Kan.*, 491 F.3d 1143, 1147 (10th Cir. 2007).

Trappers raises several contentions why its district-court action is not moot. First, it contends that its effort under the APA to vindicate its rights is functionally the same as a civil-rights suit for nominal damages under 42 U.S.C. § 1983. It argues that because such a § 1983 suit is justiciable, *see O'Connor v. City & County of Denver*, 894 F.2d 1210, 1215–16 (10th Cir. 1990), so should be the present action. It quotes the following recent statement by this court: "It may seem odd that a complaint for nominal damages could satisfy Article III's case or controversy requirements, when a functionally identical claim for declaratory relief will not. But this Court has squarely so held." *Utah Animal Rights Coal. v. Salt Lake City Corp.*, 371 F.3d 1248, 1257 (10th Cir. 2004) (footnote omitted). That statement, however, does not support, but undermines, Trappers' contention. The issue in *Utah Animal Rights Coalition* was whether we should continue to recognize the prospect of nominal damages as sufficient to continue a case or controversy that would otherwise be moot. We followed our precedent saying that it would suffice. Rather than saying that nominal damages are irrelevant, we said that they could be dispositive. Take away the nominal damages in that case and no case or controversy remained. Because Trappers has no claim for nominal damages, it cannot rely on nominal-damages cases to overcome mootness.

Along the same lines, Trappers contends that a judgment against the Forest Service will serve the public good by proclaiming the Forest Service's misconduct and deterring future such behavior. It quotes this court's statement that "[t]he core question in mootness inquiry is whether granting a present determination of the issues offered . . . will have some effect in the real world." *Kennecott Utah Copper Corp. v. Becker*, 186 F.3d 1261, 1266 (10th Cir. 1999) (internal quotation marks omitted). Under that standard, it suggests, deterrence is a real-world effect that makes the case justiciable. The real-world effect, however, must be on the legal relationship between the parties to the case. "The touchstone of the mootness inquiry is whether the controversy continues to touch the legal relations of parties having adverse legal interests in the outcome of the case . . . ." *Wirsching v. Colorado*, 360 F.3d 1191, 1196 (10th Cir. 2004) (internal quotation marks omitted). To be justiciable, a case must seek to "redress a cognizable Article III injury," *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998), and the injury that *others* may suffer from future similar wrongdoing is not such an injury. "Article III denies federal courts the power to decide questions that cannot affect the rights of litigants in the case before them." *Lewis*, 494 U.S. at 477 (internal quotation marks omitted). Accordingly, in *Steel Co.* the Supreme Court rejected the proposition that the prospect of deterring future harm by the defendant sufficed to overcome mootness. *See* 523 U.S. at 106–07.

Trappers also contends that it has suffered and will suffer collateral consequences that preclude mootness. It states that mootness will preclude it from obtaining reimbursement of its attorney fees under the EAJA. But "a claim of entitlement to attorney's fees does not preserve a moot cause of action," although "the expiration of the underlying cause of action does not moot a controversy over attorney's fees already incurred," *Dahlem ex. rel Dahlem v. Bd. of Educ. of Denver Pub. Schs.*, 901 F.2d 1508, 1511 (10th Cir. 1990) (citations omitted). Trappers further notes that it incurred other expenses in pursuing its claim; but we fail to see the relevance of that fact, because it has not sought damages and could not obtain any judicial relief from those expenses.

As an additional collateral consequence, Trappers alleges injury to its reputation. But "the moral stigma of a judgment which no longer affects legal rights does not present a case or controversy for appellate review," *Spencer v. Kemna*, 523 U.S. 1, 8–9 (1998) (internal quotation marks omitted); *see id*. at 16 n.8, although we note, as discussed at length in *Spencer*, that the impact of this proposition has been diminished in the criminal context, where the Supreme Court has presumed that a conviction carries collateral consequences, *see id*. at 9–13. Trappers has failed to show that it has suffered a stigma that will affect its legal rights. At most, it speculates that the Forest Service's ruling may be a factor in some future adverse decision against it. That possibility does not create a case or controversy. *See id*. at 14–16.

Finally, Trappers appears to suggest that its claim should not be deemed moot because the event that created mootness—its sale of its assets—was forced upon it by the Forest Service. The Forest Service ruling, however, required *removal*, not *sale*, of the assets. Moreover, the "force" imposed on Trappers by the Forest Service was no more than an adverse decision subject to judicial review, and Trappers could have sought a stay of the agency's directive pending the district court's ruling. *Cf. Am. Book Co. v. Kan. ex rel. Nichols*, 193 U.S. 49, 52 (1904) (Compliance with judgment rendered case moot. "It makes no difference that plaintiff in error 'felt coerced' into compliance. A judgment usually has a coercive effect, and necessarily presents to the party against whom it is rendered the consideration whether it is better to comply or continue the litigation.").

## B. Attorney Fees

As we previously noted, "the expiration of the underlying cause of action does not moot a controversy over attorney's fees already incurred." *Dahlem*, 901 F.2d at 1511; *accord Citizens for Responsible Gov't State Political Action Comm. v. Davidson*, 236 F.3d 1174, 1183 (10th Cir. 2000). The EAJA requires a court to award a prevailing party its attorney fees and other expenses incurred in a proceeding "brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award

unjust." 28 U.S.C. § 2412(d)(1)(A).  The burden to demonstrate substantial justification is on the government.  *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007).  We review for an abuse of discretion a district court's determination that the government's position was substantially justified.  *See id.* In doing so, we evaluate whether its position was reasonable in law and fact.  *See id.*  "The government's position can be justified even though it is not correct." *Id.* (internal quotation marks omitted).

The district court held that the Forest Service's position was substantially justified.  We affirm the district court's denial of an EAJA award.

## III.  CONCLUSION

The judgment of the district court is AFFIRMED.