NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 10, 2011[*]
Decided March 11, 2011

**Before**

DANIEL A. MANION, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 10-3824

| | |
|---|---|
| ALAN N. SCOTT, | Appeal from the United States District |
|     *Petitioner-Appellant*, | Court for the Southern District of |
| | Indiana, Terre Haute Division. |
|     *v.* | |
| | No. 09 CV 00340 |
| CHARLES L. LOCKETT, Warden, | |
|     *Respondent-Appellee*. | Jane Magnus-Stinson, |
| | *Judge*. |

**O R D E R**

Alan Scott, a federal prisoner, petitioned for a writ of habeas corpus under 28 U.S.C. § 2241, claiming that because the Bureau of Prisons mistakenly refused him 30 days' credit under 18 U.S.C. § 3585(b) toward a term of imprisonment that he completed in 1997, the BOP should apply the credit to his current term. The district court denied the petition. Scott appeals, but we conclude that his petition is without merit.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

This case involves four sets of prison terms. We start with the fourth set, which Scott is currently serving and wants shortened by 30 days. This set comprises consecutive prison terms of 32 months for conspiracy to commit mail fraud, *see* 18 U.S.C. §§ 1341, 1349, and 33 months for conspiracy to commit bank fraud, *see* 18 U.S.C. § 371, imposed by the Eastern District of New York in April 2008. Scott's projected release date is June 5, 2011.

Three other terms of imprisonment are also relevant here. The first began on May 20, 1991, when a Massachusetts state court sentenced Scott to two years in prison for larceny. He was released on November 12, 1991, on two years' probation, with the balance of his two-year prison term suspended. But after violating his probation, Scott was sentenced on February 28, 1996, to two years in prison with credit for time served, including 177 days from May 20, 1991, to November 12, 1991.

The second prison term began in 1993, before Scott was reimprisoned on the first term. Scott pleaded guilty in the District of Massachusetts to 47 counts of making false claims under 18 U.S.C. § 287 and was sentenced to 39 months in prison. The BOP gave him credit under 18 U.S.C. § 3585(b)(2) for time spent in prior custody, including 147 days from June 19, 1991, to November 12, 1991, on the first term. (As explained below, Scott believes that the BOP should have credited him with 30 more days of prison service in 1991, from May 20 to June 18.) Scott was released to supervision in July 1995, but on February 27, 1996, he admitted violating the terms of his supervised release; the district court ordered him reimprisoned for 24 months. (When the state court imposed its two-year sentence for Scott's probation violation the following day, on February 28, it ordered that the sentence be served concurrent with the federal reimprisonment term.) Scott began his federal term of reimprisonment in April 1996 and was released in March 1997, after receiving additional credit for prior custody and good conduct.

The third set of prison terms began in February 2000, when the District of Massachusetts sentenced Scott to two concurrent terms of 96 months for bank fraud and possession of forged securities, *see* 18 U.S.C. §§ 1344, 513(a), and for making false claims against the government and conspiring to do so, *see id*. §§ 286, 287. Scott was released from both of those sentences in 2006. The fourth and current term, as recounted above, started two years later, in 2008.

In his petition and on appeal, Scott argues that he should have been released 30 days earlier from the second term of imprisonment because, in his view, the BOP should have credited him for the 30-day period from May 20, 1991, to June 18, 1991, when he was in state prison following his larceny conviction. Had the BOP properly given him credit and released him 30 days earlier from his second term, he argues, his third and fourth sets of terms would have started 30 days earlier than they did.

Scott recognizes that 18 U.S.C. § 3585(b) prevents this court from applying the credit he seeks directly to his current set of prison terms: The offense date for his current terms was January 1999, and the 30 days he spent in state prison in 1991 did not result from those offenses in 1999, *see* 18 U.S.C. § 3585(b)(1), or from any arrest after the 1999 offenses, *see id*. § 3585(b)(2). To circumvent the limits of the statute, Scott seeks an order directing the BOP to grant him retroactively 30 days' credit on his second term of imprisonment. The cascading effect of that change on all his later prison terms, he contends, would require the BOP to release him from his current sentence 30 days sooner; the 30 overserved days from his second term would be credited to his third term, and then the 30 extra days he served on that term would be properly credited to his current term.

But Scott's second term of imprisonment expired in 1997, more than ten years before he filed this petition. His request to credit that term is therefore moot. *See Lane v. Williams*, 455 U.S. 624, 630-33 (1982); *North Carolina v. Rice*, 404 U.S. 244, 248 (1971) ("Nullification of a conviction may have important benefits for a defendant, . . . but urging in a habeas corpus proceeding the correction of a sentence already served is another matter."); *Johnson v. Riveland*, 855 F.2d 1477, 1481-82 (10th Cir. 1988). And even if the BOP erroneously computed that second term, the error would not create the kind of "collateral consequences" that can prevent petitions for habeas corpus from becoming moot once a sentence ends; collateral consequences—which affect legal rights, such as the right to vote, or hold office—typically stem from invalid convictions, not overserved sentences. *See Spencer v. Kemna*, 523 U.S. 1, 7-14 (1998) (declining to extend presumption of collateral consequences from convictions to revocations of parole); *Cochran v. Buss*, 381 F.3d 637, 640-41 (7th Cir. 2004); *Diaz v. Duckworth*, 143 F.3d 345, 346 (7th Cir. 1998); *R.M. Inv. Co. v. U.S. Forest Serv.*, 511 F.3d 1103, 1108 (10th Cir. 2007); *Gentry v. Deuth*, 456 F.3d 687, 694-95 (6th Cir. 2006). Finally, collateral consequences never include consequences that a petitioner has the power to avoid simply by following the law, such as a new prison term imposed after he commits a new crime. *See Spencer*, 523 U.S. at 13; *Diaz*, 143 F.3d at 346. Scott therefore has no basis under 18 U.S.C. § 3585(b) or the doctrine of collateral consequences for shortening his current term of imprisonment.

Accordingly, we AFFIRM the judgment of the district court.