FILED
**United States Court of Appeals**
**Tenth Circuit**

**April 8, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

<u>**PUBLISH**</u>

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

AZIZA MUKHTAR,

    Plaintiff - Appellant,

v.

ANDREW LAMBRECHT, Field Office
Director, United States Citizenship &
Immigration Services; JOSEPH B.
EDLOW, Director, United States
Citizenship and Immigration Services;
TODD BLANCHE, Acting United States
Attorney General; MARKWAYNE
MULLIN, United States Secretary,
Department of Homeland Security,

    Defendants - Appellees.[*]

No. 24-1451

_____

**Appeal from the United States District Court**
**for the District of Colorado**
**(D.C. No. 1:23-CV-01970-REB)**
_____

Catherine A. Chan, Chan Law Firm P.C., Denver, Colorado, for Plaintiff-Appellant.

---

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), the current Field Office Director of United States Citizenship & Immigration Services, Joseph B. Edlow, is automatically substituted for the former Director, Ur M. Jaddou. The current Acting United States Attorney General, Todd Blanche, is automatically substituted for former Attorney General Pamela J. Bondi. The current Secretary of the Department of Homeland Security, Markwayne Mullin, is automatically substituted for former Secretary Kristi Noem.

Michael C. Johnson, Assistant United States Attorney, Denver, Colorado (J. Bishop Grewell, Acting United States Attorney, Denver, Colorado, with him on the brief) for Defendants-Appellees.

_____

Before **HARTZ**, **BACHARACH**, and **CARSON**, Circuit Judges.

_____

**CARSON**, Circuit Judge.

_____

The doctrine of mootness rests on a simple principle: the controversy that existed at a litigation's commencement may dissipate before its conclusion. Because the Constitution requires an actual controversy, we lack subject-matter jurisdiction over a moot case. We evaluate mootness claim by claim and decide whether a case is moot as to each form of relief sought. Generally, a case becomes moot once the plaintiff obtains all the relief she sought in her complaint.

Plaintiff Aziza Mukhtar brought this action after the United States Citizenship and Immigration Services ("USCIS") denied her application for lawful permanent resident status. In her complaint, Plaintiff asked the district court to order USCIS to set aside the decision and issue a new decision. While the action was pending, USCIS did just that. It reopened the application, sent a Request for Evidence ("RFE"), and issued a new decision denying the application after Plaintiff failed to respond to the RFE. Defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(1), arguing that Plaintiff's case was moot because she obtained the relief she sought in her complaint. The district court agreed and dismissed the case. Plaintiff appeals the district court's dismissal. Our jurisdiction arises under 28 U.S.C. § 1291. We affirm.

2

I.

The United States admitted Plaintiff as a refugee under 8 U.S.C. § 1157 in 2010. As a condition of her admittance into the United States, Plaintiff underwent a medical examination. The medical examination revealed that Plaintiff had "Class B conditions of major depressive disorder, subnormal mentality, and sickle cell disease."[1] The medical examination also noted that she had "psychotic symptoms." The examination noted no "Class A" conditions.

In 2011, officers arrested Plaintiff in Colorado for kidnapping and child abuse. The state court found her incompetent to proceed and placed her at the Colorado Mental Health Institute in Pueblo, Colorado ("CMH-P"). She remained at CMH-P until September 2014.

In 2015, Plaintiff filed an I-485 form with USCIS, applying for lawful permanent resident status. With her application, she submitted two I-693 forms. Form I-693 is a Report of Medical Examination and Vaccination Record. Neither I-693 form documented a medical examination. Plaintiff's I-693 forms documented only her vaccination records.

After waiting two years for a decision, Plaintiff filed for mandamus relief to get a decision on her application. Once USCIS scheduled an interview on her application, Plaintiff dismissed her lawsuit. After the interview, USCIS issued a Request for

---

[1] Class A conditions are medical conditions that render an alien inadmissible and ineligible for a visa or adjustment of status. 42 C.F.R. § 34.2(d); 8 U.S.C. § 1182(a). Class B conditions are physical or mental health conditions, diseases, or disability serious in degree or permanent in nature. § 34.2(e). Class B conditions, although not rendering an applicant inadmissible, represent a departure from normal health or well-being that may be significant enough to interfere with the applicant's ability to care for herself or to require extensive medical treatment or institutionalization in the future. Id.

3

Evidence ("RFE") seeking more information related to her arrests. USCIS also issued an RFE seeking a new Form I-693 and medical examination to "address mental disorders and the potential, or lack thereof, for future harm."

Three years later, Plaintiff submitted a new Form I-693. Dr. Alih Shah, M.D. executed the Form I-693. On one part of the form, when asked to list other Class B conditions, Dr. Shah wrote "history of depression and DM-2 followed at Medical and psychiatric clinic." Despite this, Dr. Shah checked boxes on the form indicating that Plaintiff had no Class A or B physical or mental disorders. Dr. Shah also left the "Remarks" section blank.

USCIS denied Plaintiff's application, saying that her Form I-693 failed to address her history of mental disorders and the potential for future harm. Plaintiff asked USCIS to reopen and reconsider its decision. USCIS granted her request but, again, denied her application with a letter dated July 9, 2020. In the letter, USCIS reiterated that she did not have a completed and up-to-date Form I-693 with a completed medical examination. It also explained that the materials Plaintiff submitted, including her criminal court records and her attorney's statements, showed the need for an updated medical examination. Because Plaintiff's report did not address those issues, USCIS found it unreliable.

Three years later, Plaintiff filed this action, claiming jurisdiction "under the Immigration and Nationality Act (INA), 8 U.S.C. Section 1101 et seq., the Administrative Procedures Act (APA), 5 U.S.C. Section 551 et seq., the Federal Question

statute, 28 U.S.C. Section 1331, and the Mandamus Act, 28 U.S.C. Section 1361 et seq."

She also cited the Declaratory Judgment Act.

In her complaint, she argued that USCIS acted "ultra vires" in denying her

application for lawful permanent resident status.  She also claimed that USCIS had no

legally cognizable ground to deny her application because "[f]our medical opinions

(Forms I- 693)" found she did not have a Class A medical condition.  She asserted that

USCIS substituted its own medical opinion for that of an approved civil surgeon.

In her complaint's prayer for relief, Plaintiff asked the court to "[s]et aside the

Defendants' decision on her [application for lawful permanent resident status] and direct

the Defendants to issue a new decision on the application for residency." She also asked

the court to "[d]eclare [her] the prevailing party and award her attorneys' fees and costs

pursuant to the [Equal Access to Justice Act,]" and "[a]ward any other relief that this

Court deems reasonable and proper."

Two months later, USCIS reopened Plaintiff's application on its own initiative and

sent Plaintiff an RFE seeking a new, properly completed Form I-693.  The RFE explained

that her last I-693 form expired because her doctor had signed it more than two years

earlier and reiterated that the doctor completing the form must review her medical

records related to her criminal charges and mental health diagnoses.  The RFE set a

January 22, 2024, response deadline.

After reopening her case and sending this RFE, USCIS moved to dismiss

Plaintiff's complaint under Fed. R. Civ. P. 12(b)(1).  USCIS explained that it had

reopened Plaintiff's application, requested additional evidence, and planned to issue a

new decision. On that basis, USCIS argued that its July 2020 decision was not a final agency action, and that Plaintiff obtained all the relief she sought in her complaint.

On January 22, 2024—the deadline for Plaintiff to respond to the RFE—Plaintiff's attorney sent a letter to the USCIS asking for an extension of time until the court ruled on the motion to dismiss. Plaintiff provided nothing else in response to the RFE. On May 10, 2024, USCIS denied Plaintiff's application, citing her failure to respond to the RFE and the lack of a valid, unexpired Form I-693 as reasons for the denial. USCIS explained that it was unable to comply with Plaintiff's request to abate the RFE deadline because it had allotted the maximum period allowed for responding to an RFE under 8 C.F.R. § 103.2(b)(8)(iv).[2] Plaintiff never sought reconsideration of this decision.

After denying Plaintiff's application for a second time, USCIS filed a second motion to dismiss under Fed. R. Civ. P. 12(b)(1), arguing that Plaintiff's case was moot because USCIS provided the relief that Plaintiff requested in her complaint, "reopening her application for lawful-permanent-resident status and issuing a new decision."

Plaintiff responded and argued that (1) USCIS had no sua sponte authority to reopen a case and usurp the jurisdiction of the court, (2) USCIS's actions were arbitrary and capricious, so the court should set aside its denials of her application for lawful

---

[2] 8 C.F.R. § 103.2(b)(8)(iv), states "[t]he request for evidence or notice of intent to deny will indicate the deadline for response, but in no case shall the maximum response period provided in a request for evidence exceed twelve weeks, nor shall the maximum response time provided in a notice of intent to deny exceed thirty days. Additional time to respond to a request for evidence or notice of intent to deny may not be granted."

permanent resident status, and (3) her case was not moot because USCIS's actions were capable of repetition yet evading review.

The district court agreed with USCIS and dismissed Plaintiff's case under Rule 12(b)(1). It determined that Plaintiff asked the court to "[s]et aside the Defendants' decision on her [application for lawful permanent resident status] and direct the Defendants to issue a new decision on the application for residency" and "[t]hat describe[d] precisely what USCIS ha[d] done . . . ." It determined that because USCIS provided Plaintiff with all the relief she asked for in her complaint, the case was moot. The court also said that it could not entertain her allegations about the May 10, 2024, decision because "the currently operative petition [#1] contain[ed] no allegations about the May 10, 2024, USCIS decision or the procedures leading up to that decision." Further, because she did not show that she could not fully litigate a challenge to the May 10, 2024, decision, the court found that the capable of repetition but evading review mootness exception did not apply. Plaintiff appeals the district court's dismissal.

II.

We review a dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) de novo. Trackwell v. U.S. Gov't, 472 F.3d 1242, 1243 (10th Cir. 2007) (citing U.S. West, Inc. v. Tristani, 182 F.3d 1202, 1206 (10th Cir. 1999)). We lack subject-matter jurisdiction if a case is moot. Rio Grande Silvery Minnow v. Bureau of Reclamation, 601 F.3d 1096, 1109 (10th Cir. 2010) (citing Unified Sch. Dist. No. 259 v. Disability Rights Ctr. of Kan., 491 F.3d 1143, 1146–47 (10th Cir. 2007)). "We review

questions of mootness de novo." Id. (citing R.M. Inv. Co. v. U.S. Forest Serv., 511 F.3d 1103, 1107 (10th Cir. 2007)).

III.

Plaintiff advances three arguments on appeal. First, she argues that "[b]ecause the Defendants [sic] sua sponte reopening of the case was ultra vires, it could not form the basis for dismissal of [her] complaint." Second, she argues that her complaint was not moot because she did not receive the relief she sought in her complaint. Third, she argues that the district court erred when it found her case moot because USCIS's actions were "capable of repetition, yet evading review." We address each of these arguments in turn.

A.

USCIS did not act without authority (ultra vires) when it reopened Plaintiff's lawful permanent resident status application. Plaintiff argues that USCIS acted ultra vires when it reopened her application because it failed to comply with the requirements in 8 C.F.R. § 103.5(a)(5)(ii). Under § 103.5(a)(5)(ii), a Service officer, on his or her own motion, may reopen a Service Proceeding or reconsider a Service decision. If the new decision may be unfavorable to the affected party, the officer shall give the affected party 30 days after service of the motion to submit a brief. Id.

Here, the record reflects that USCIS complied with § 103.5(a)(5)(ii)'s requirements. After notifying Plaintiff that it reopened her application, USCIS sent her an RFE, which stated "USCIS reopened your I-485 form on its own motion." Before issuing a decision, USCIS provided Plaintiff time to submit additional evidence in

8

support of her application, specifically a proper medical examination. Section 103.5(a)(5)(ii) contemplates at least 30 days for that response. USCIS provided Plaintiff with more than 30 days to submit additional evidence on her application. USCIS gave Plaintiff until January 22, 2024—eighty-seven days—to respond. See 6801 Realty Co., LLC v. U.S. Citizenship & Immigr. Servs., 719 F. App'x 58, 61 (2d Cir. 2018) (unpublished) (explaining that USCIS proceeded properly under § 103(a)(5)(ii) when it reopened plaintiff's application, requested additional evidence, and waited for plaintiff's response before taking further action).[3]

## B.

Plaintiff's case became moot when USCIS granted the relief she sought in her complaint. A case is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Brown v. Buhman, 822 F.3d 1151, 1165 (10th Cir. 2016) (quoting Chafin v. Chafin, 568 U.S. 165, 172 (2013)). "No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute is no longer embedded in any actual controversy about the plaintiffs' particular legal rights." Id. (quoting Already, LLC v. Nike, Inc., 568 U.S. 85, 91 (2013)). "The crucial question is whether granting a present determination of the issues offered will have some effect in the real world." Id. at

---

[3] Plaintiff cites RELX, Inc. v. Baran, 397 F. Supp. 3d 41 (D.D.C. 2019), a non-binding district court decision, in support of her argument that USCIS acted ultra vires when it reopened her application. But RELX does not support Plaintiff's assertion. RELX addresses final agency action not whether USCIS's sua sponte reopening of an application is unlawful or ultra vires.

1165–66 (quoting <u>Wyoming v. U.S. Dep't of Agric.</u>, 414 F.3d 1207, 1212 (10th Cir. 2005)).  In assessing mootness, "[w]e take a claim-by-claim approach" and "decide whether a case is moot as to 'each form of relief sought.'"  <u>Smith v. Becerra</u>, 44 F.4th 1238, 1247 (10th Cir. 2022) (quoting <u>Prison Legal News v. Fed. Bureau of Prisons</u>, 944 F.3d 868, 880 (10th Cir. 2019)).

Considering each request for relief in Plaintiff's complaint, we hold that her case became moot once USCIS issued its May 2024 decision.  Plaintiff asked the court to set aside USCIS's July 2020 denial of her Form I-485 and to direct USCIS to issue a new decision on her application.  That is precisely what happened.  USCIS reopened Plaintiff's application, gave her the opportunity to respond to its RFE, and issued a new decision in May 2024.  Once USCIS issued its May 2024 decision, the district court could no longer grant any further relief regarding USCIS's July 2020 denial of her application, which was the only agency action that Plaintiff challenged in her complaint.  If Plaintiff believed USCIS acted unlawfully in issuing its May 2024 decision, she needed to amend her complaint to challenge that decision.  She did not.

Plaintiff's other requests for relief do not change our analysis.  Plaintiff asked the district court to declare her the prevailing party and award her attorneys' fees and costs pursuant to the EAJA.  "As a general rule, we have said that 'a claim of entitlement to attorney's fees does not preserve a moot *cause of action*' although 'the expiration of the underlying cause of action does not [necessarily] moot a controversy over attorney's fees already incurred.'"  <u>Fleming v. Gutierrez</u>, 785 F.3d 442, 448 (10th Cir. 2015) (quoting <u>Dahlem v. Bd. of Educ. of Denver Pub. Schs.</u>, 901 F.2d 1508, 1511 (10th Cir.1990)).  In

10

other words, "a plaintiff may still recover (and a defendant may still contest) fees even when the merits have been rendered moot," but a plaintiff's request for attorneys' fees does not revive an otherwise moot issue.  Id. (citing Citizens for Responsible Gov't State Pol. Action Comm. v. Davidson, 236 F.3d 1174, 1183 (10th Cir. 2000)).[4]  Finally, Plaintiff sought "any other relief that this Court deems reasonable and proper."  We have recognized that such broad claim for relief does not save an otherwise moot claim.  WildEarth Guardians v. Pub. Serv. Co. of Colo., 690 F.3d 1174, 1191 (10th Cir. 2012).

C.

Next, Plaintiff does not challenge action that is capable of repetition yet evading review.  We have recognized an exception to mootness when a challenged action is capable of repetition yet evades review.  "The exception applies where (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again."  Brown, 822 F.3d at 1166 (quoting Fed. Election Comm'n v. Wis. Right to Life, Inc., 551 U.S. 449, 462 (2007)).

---

[4] Plaintiff's request for attorney's fees and costs may not be moot, but "where no fee request has yet been filed, we lack a final decision from the district court as to whether [Plaintiff is] entitled to fees, so the question is not before this court." Fleming, 785 F.3d at 448 (internal quotation marks omitted); see also Citizens for Responsible Gov't, 236 F.3d at 1183 ("Without a final decision from the district court as to whether Plaintiffs are entitled to fees, the question is not before this court.").

Plaintiff asserts that USCIS's "RFE for a fifth medical exam and the court's order of dismissal on that ground exemplifies repetition to evade review."  We disagree.  As the district court pointed out, the challenged action in its duration is not too short to be fully litigated prior to cessation or expiration.  In other words, the challenged action does not evade review.  Plaintiff can still meaningfully challenge the May 2024 decision in a different action.  Indeed, she could have challenged the decision in this action had she sought to amend her complaint after USCIS reopened her application.  But she never did.  Thus, the capable of repetition yet evading review exception to mootness does not apply.  See Affiliated Ute Citizens of Utah v. Ute Indian Tribe of Uintah & Ouray Rsrv., 22 F.3d 254, 256 n.1 (10th Cir.1994) (explaining that when a case presents an issue which "does not have an inherent problem of limited duration" the case will not necessarily evade review in future litigation, and the exception to the mootness doctrine does not apply); Purpose Built Fams. Found., Inc. v. United States, 95 F.4th 1346, 1355 (11th Cir. 2024) ("And even a 'likely recurrence' of the *same* action does not defeat mootness under the capable-

of-repetition-yet-evading-review exception when the plaintiff will have 'ample opportunity' for judicial review in due course.").[5]

Because Plaintiff's case is moot and no exception to mootness applies, the district court did not err when it dismissed Plaintiff's case under Rule 12(b)(1).

AFFIRMED.

---

[5] Plaintiff briefly references voluntary cessation, another exception to mootness. But she never argued in the district court that the exception applied to her case even after Defendants argued that it did not apply. And her opening brief mentions voluntary cessation only in passing, stating that "[t]here was never a voluntary cessation of the challenged conduct" without developing any argument that the exception applies. Thus, to the extent Plaintiff seeks to rely on voluntary cessation to avoid mootness, she has waived such an argument. See, e.g., Richison v. Ernest Grp., Inc., 634 F.3d 1123, 1127–28 (10th Cir. 2011) (recognizing that failure to raise argument in the district court results in forfeiture); Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 679 (10th Cir. 1998) ("Arguments inadequately briefed in the opening brief are waived . . . .").